### Chicago Union Traction Co. v. James H. Crosby.

1. CARRIER OF PASSENGERS—*Presumption of Carrier's Negligence from Injury to Passenger.*—Where an injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and applied by it, a presumption of negligence on its part is raised; but if

the accident is due to a cause beyond the control of the carrier, as the presence of *vis major*, or the tortious act of a stranger, no such *prima facie* case is made out as will throw upon the carrier the burden of showing that it was not guilty of negligence.

Trespass on the Case, for personal injuries.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed October 9, 1903.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

JOHN F. WATERS, attorney for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

On August 2, 1900, appellee was riding as a passenger on appellant's grip car, attached to a train proceeding northwest on appellant's Milwaukee avenue cable line. When the train reached Robey street, it came to a sudden stop, throwing appellee forward against the dashboard and inflicting injuries for which he brought this suit. He recovered a judgment for $4,500, from which the company appeals.

First. The evidence at the trial strongly tended to show that the sudden stop was caused by a bolt which, having got into the slot of the cable, had first slid along in front of the grip-shank, but finally came to a point where, on account of the narrowing of the slot, it could proceed no further. The evidence also tended to show that the bolt did not get into the slot by any agency of appellant, but dropped into it from some other source.

Such being the evidence the court at appellee's request gave the following instruction :

" 3. The court instructs the jury that if you believe and find from the evidence that plaintiff was a passenger on defendant's car, and that said car came to a sudden stop and plaintiff was injured thereby without fault or negligence on his part, then plaintiff has made out a *prima facie* case of negligence against defendant, and this places upon the defendant railroad company the burden of rebutting that presumption by proving that the sudden stopping of

the car could not have been prevented by all that human care, vigilance and foresight could reasonably do, consistent with the mode of conveyance and the practical operation of the road."

If the injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and applied by it, a presumption of negligence on its part is raised. N. Y., C. & St. L. R. R. Co. v. Blumenthal, 160 Ill. 40, 48; C. C. Ry. Co. v. Rood, 163 Ill. 477. But if the accident is due to a cause beyond the control of the carrier, as the presence of *vis major*, or the tortious act of a stranger, no such *prima facie* case is made out as will throw upon the carrier the burden of showing that it was not guilty of negligence. C. C. Ry. Co. v. Rood, *supra.*

The foregoing instruction would have been proper if in addition to the questions of fact submitted to the jury they had also been asked to find, either that there was no bolt in the slot, or that it got there through the instrumentality of appellant. (Whether there was any proof of the latter proposition, we do not determine.) The instruction as given does not refer to the bolt. If the bolt was in the slot by no act of appellant, and if its being there caused the accident, then no case was made against appellant by the mere showing that appellee, being a passenger on its car and in the exercise of ordinary care, was injured by the sudden stopping of the car.

The contention of appellee that under the seventh, eighth and tenth instructions given for appellant the jury practically found that there was no bolt in the slot, is not well taken.

Second. It appears that the bolt must have dropped into the slot within six minutes before the car in question came in contact with it, and it is therefore argued that the presence of the bolt in the slot could not have been detected by any inspection of the track capable of being made consistently with the practical operation of the road. It is further claimed that the proof shows the bolt got into the slot through some agency other than appellant's, and the

court is therefore asked to reverse without remanding This we would be inclined to do if the proof were to that effect. The only proof, however, in that regard is that given by appellant's assistant superintendent, Phillips, who says :

" I do not think it was a bolt such as is used in the construction of any of our cars. I do not recognize any as being like that. I call that a coupling pin. They carry it in the drawbar."

All. that can be said of this testimony is that it has some tendency to prove what it is claimed to prove. But it does not necessarily prove it. Even if the witness was right in not thinking the bolt to be one used in the construction of appellant's cars, it may have been upon the car in question as a part of its equipment, or for one of many other possible purposes, and have accidentally dropped from the car into the slot.

For the error pointed out, the judgment is reversed and the case remanded.