## Chicago City Railway Company v. Aaron V. Wyckoff, Jr.

### Gen. No. 13,355.

1. PASSENGER AND CARRIER—*what establishes prima facie case of negligence.* A *prima facie* case of negligence is established in an action for personal injuries by a passenger against his carrier where the evidence tended to indicate that from some cause the grip-iron of the traction car became wedged in the slot of the conduit in which the grip runs, and that in consequence thereof the injury resulted.

2. CONTRIBUTORY NEGLIGENCE—*when question of, raised too late.* A contention that the plaintiff was guilty of contributory negligence cannot be first raised on appeal.

3. VERDICT—*how cannot be impeached.* The affidavit of a juror, made after his discharge from service, as to statements made to him

Chicago City Ry. Co. v. Wyckoff.

after the trial by a co-juror, is not competent to impeach the verdict rendered.

4. VERDICT—*when not excessive.* A verdict for $5,000 rendered in an action for personal injuries is not excessive where it appears that the injury complained of was severe, its consequences permanent, laid up the plaintiff for about a year and required him to undergo several operations and to suffer much pain.

Action in case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOHN L. HEALY, Judge, presiding. Heard in the Branch Appellate Court at the October term; 1906. Affirmed. Opinion filed October 4, 1907.

**Statement by the Court.** This is an action for personal injuries in which appellee recovered a judgment.

It appears from the evidence that about six o'clock in the evening of October 26, 1900, appellee was a passenger upon a south-bound cable train operated by appellant on State street, Chicago, and was riding on the front platform of the first trailer behind the grip car. As the train southward bound was between Madison and Monroe streets, it came to a sudden and violent stop, the cause of which is not clearly explained by the evidence. There is evidence tending to show that the train was running at a rate of between five and six miles an hour, and that when it came to a stop at a point about two hundred feet south of Madison street it was derailed. The rear end of the grip car and the front of the trailer came suddenly together and, as there is evidence tending to show, each of these ends was tilted up, the front platform of the trailer was broken, passengers were thrown from their seats and some of them, it is said, from the car. There is evidence tending to show that appellee's nose was broken, that he had a tooth knocked out, that his leg was caught between the front end of the trailer and the rear of the grip car, causing a "compound comminuted fracture of the tibia," that surgical operations became necessary, that he could not do any work for about a year, that since the accident he has been lame and limps and that his injured leg is about a half inch shorter than before and is somewhat crooked.

It is claimed in behalf of appellee that the accident was

caused by the draw bar or grip iron which extended down through the slot into the conduit where the cable ran, having been caught and held by the butt end of the movable tongue of a switch in the slot at that point, thus bringing the train to a sudden and violent stop. There is evidence tending to show that the wrecking wagon and crew of appellant reached the place very soon after the accident, and that the crew were unable to find anything wrong with the tracks, slot, conduit or anything else which might account for the sudden stoppage of the train. There is evidence also tending to show that the tracks and the switches on this line were inspected twice daily. There seems to be no dispute and no question, so far as the evidence tends to show, but that the cable itself was running in the usual way.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

RUSSELL M. WING, FRED M. WING and FRED W. BENTLEY, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that the verdict and judgment are against the overwhelming weight of the evidence. The issues were submitted to the jury upon three counts of the declaration, the first two having been eliminated by instructions directing the jury to disregard them. The third count charged that appellant negligently permitted the slot or conduit to become filled, warped or clogged at the point where the accident occurred. The fourth count charged negligence in permitting switch tracks to become unsafe and the frog at the switch to become loose; and in the fifth count appellant is charged with the negligent operation of the train so that the cars collided and were thrown suddenly and violently against each other. The evidence fails to disclose with certainty what was the cause of the accident. Appellee's counsel ascribe it to the butt end of

the movable tongue of a switch at or near the place of the accident, and contend that the grip iron ran into and was wedged against the butt of this movable tongue. The evidence tending to show that the accident occurred, that the train came to a sudden and violent stop, that it was derailed, the cars damaged and passengers thrown off or injured, is not disputed. It is claimed in behalf of appellee that this evidence sufficiently makes out a *prima facie* case, throwing the burden on appellant to show that the accident was not caused by its negligence. There is evidence tending to show that whatever the cause, the grip iron was in some way caught in the slot or below it, and had to be broken off in order to free the grip car and move it away. There is evidence also, though not undisputed, to the effect that the place where the grip iron was caught was at or near the so-called butt end of the movable tongue at the switch, and further that for some purpose or other the wrecking crew employed by appellant drove wedges into the slot while engaged in clearing away the wreck, or moving the injured cars out of the way. On the other hand it appears that another train just ahead of that which met with the accident passed over the place without indication of anything being wrong, and the tracks and appliances there had been inspected and found in good order during the afternoon of the same day, an hour or more before the accident.

We are of opinion, however, that the evidence tending to indicate that from some cause the grip iron became wedged in the slot of the conduit in which the cable runs, was sufficient to make out such a *prima facie* case as to put the burden on appellant of disproving negligence in this respect on its own part. This it does not do. As said in Hill v. Chicago City Ry. Co., 126 Ill. App., 152—an action arising out of the same accident here in controversy—"It is not a usual circumstance for a street car moving on a track in a reasonably safe condition to suddenly leave the track in such a manner as to injure a passenger." In that case, upon the authority of Chicago City Ry. Co. v. Rood, 163

Ill., 477, which is to the effect that "where the accident proceeds from an act of such a character that, when due care is taken in its performance no injury ordinarily ensues from it," or "where the injury occurs by reason of any defect in the machinery or cars or apparatus or track of the carrier," the burden of proof shifts and "the presumption then arises in favor of the negligence of the carrier and the burden of rebutting this presumption is thrown upon it"; upon authority of this and other cases cited in the same opinion, it was held "that the jury might reasonably have inferred from the evidence in the absence of any explanation by the defendant that the car ran from the track or became derailed because the track, including its appurtenances, was in an unsafe condition." We discover nothing in the evidence tending to show that the accident was due to a cause beyond the control of the carrier, unless it be the mere failure to disclose with certainty what the cause was. There is no evidence of *vis major* nor of any tortious act of a stranger to rebut the presumption of negligence which arises where the accident is caused by apparatus wholly under the control of the carrier. See Chi. Union Trac. Co. v. Crosby, 109 Ill. App., 644.

It is urged that appellee was guilty of contributory negligence in riding on the front platform of the trailer where he was when hurt. Our attention is not called to any evidence bearing upon the question whether appellee was negligent or not in being upon the platform. The question does not appear to have been raised in the trial court and it is too late to raise it here for the first time.

There is an affidavit filed in support of appellant's motion for a new trial to the effect that one of the jury had stated to affiant after the trial that he had gone to the scene of the accident and formed his opinion upon what he saw then and there. The court refused to consider such affidavit, and we think properly. It purported to contain a statement made by a juror after he had been discharged from service in the case, not under sanction of an oath and tending to impeach his conduct when acting as a sworn juror.

The reasons for the rejection of such an affidavit are well stated in Heldmaier v. Rehor, 188 Ill., 458–461.    See also Phillips v. Town of Scales Mound, 195 Ill., 353–364.

It is urged that the verdict and judgment are excessive. It is, we think, ample, but upon a careful examination of the evidence applicable we are unable to say that the evidence does not warrant the conclusion in this respect reached by the jury.    The injury was severe, its consequences are permanent, appellee was entirely laid up about a year, underwent several operations and suffered much pain.

Finding no material error in the record the judgment of the Circuit Court must be affirmed.

*Affirmed.*