Jones, J.
This case involves the question whether the court should have applied the maxim res ipsa loquitur under the state of facts presented at the trial. This rule was invoked by the plaintiff below in his special request after argument, which was refused by the court. In their brief, counsel for plaintiff in error state that the principal question involved here is whether the “doctrine of res ipsa loquitur applies where the poles and wires of an electric company fall into the street and damage the property of a person lawfully traveling upon such public highway.” If this were the real question in the case, an affirmative answer would he required under the decision of this court in Cincinnati Traction Co. v. Holzenkamp, 74 Ohio St., 379, which held that the presumption of negligence arose where a trolley pole of an electric car fell upon a person standing in a public thoroughfare at the usual stopping place, and who was about to become a passenger. The solution of the question before us, however, depends not so much upon the case made in the petition as upon the case and facts presented at the trial. The real question presented is whether the plaintiff below was entitled to the application of the maxim res ipsa loquitur, where the proof offered tended to show at least as strong a probability that the injury *167 was caused by the act of God as that it was caused because of lack of due care on the part of the defendant.
The gravamen of the plaintiff’s charge was negligence in maintaining poles that were rotten and decayed and not of sufficient strength to support the wires thereon. The answer of the defendant stated that the poles and wires fell because of a severe and extraordinary storm, amounting to a vis major> which the plaintiff denied. In fact these were the two main issues upon which the case went to trial. The witness Currier, who was in charge of the weather bureau, testified that at,this particular time the wind attained a velocity of fifty-one miles an hour in Toledo, and that within the next hour had attained a velocity of sixty miles per hour. This was a witness offered by the plaintiff. When asked whether this was a usual storm, or one above the ordinary, he said ‘ ‘it was above the ordinary. ’ ’ Evidence offered by the defendant later corroborated and supplemented this testimony by further proof tending to show that the injury was caused by an act of God.
In view of the case thus presented, was the plaintiff below entitled to the instruction as requested, that a presumption of negligence arose by proof “that a pole or poles of the defendant fell and injured his ear on the afternoon of the day alleged in the petition?” In negligence cases the rule is general that specific acts of negligence must be proved by the plaintiff. Exceptions have been made in some cases, and affirmative proof of negligence is dispensed with where the physical facts producing injury justify the court and jury in inferring negli-. *168 gence as a proximate cause of the accident. In snch cases the maxim, res ipsa loquitur, applies. In the courts of this country it is generally applied in cases where the relation of carrier and passenger exist and the accident arises “from abnormal condition in the department of actual transportation.” (2 Thomas on Negligence [2 ed.], 1095.) As stated by the same author, the maxim is also applied “Where the injury arises from some condition or event, that is in its very nature so obviously destructive of the safety of person or property, and is so tortious in its quality, as in the first instance, at least to permit no inference, save that of negligence on the part of the person in the control of the injurious agency.”
This application of the rule has been approved in the various textbooks, and by the case of Benedict v. Potts, 88 Md., 52, 56. In cases where the maxim is applied it easts upon the defendant the duty of explaining the cause of the injury. However, it never has the effect of shifting the burden of proof. “Res ipsa loquitur, means that the facts of the occurrence warrant an inference of negligence, not that they compel such an inference, nor does res ipsa loquitur convert the defendant’s general issue into an affirmative defense.” Sweeney v. Erving, 228 U. S., 233, and Klunk v. H. V. Ry. Co., 74 Ohio St., 125.
Whether the testimony touching the cause of the injury is of such evidentiary value as to raise the presumption of negligence, under the maxim res ipsa loquitur, is for the court. (4 Wigmore on Evidence, Section 2507 et seq.) The lord chancellor, in Metropolitan Ry. Co. v. Jackson, 3 L. R. App. Cases, 193, at page 197, thus stated the rule which is gen *169 erally supported: “The Judge has to say whether any facts have been established by the evidence from which negligence may be reasonably inferred; the jurors have to say whether, from those facts, when submitted to them, negligence ought to be inferred
The rule is a rule of evidence, and arises from probabilities reasonably inferred from the character of the accident itself. It rests upon the presumption that when an instrumentality under the control of the defendant causes the injury, and such injuries do not ordinarily happen in the course of events if due care is exercised, then a presumption arises, in the absence of explanation by the defendant, that the accident was caused by want of care. Having this rule and its application in view, how can it be said, when the proof offered tends to show that the accident was caused by another than the defendant, that a conclusive presumption arises, without other specific proof, that the accident was caused by the defendant? Necessarily the reason for the rule fails. The author in 1 Sherman & Bedfield on Negligence (6 ed.), Section 58b, discussing the doctrine of res ipsa loquitur, says: “The causative force of the injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause. If from the nature of the event causing the injury an enquiry naturally arises which one of two or more persons, acting independently, is responsible; or, if it appear that the injury was proximately caused by the independent acts of two or more persons, the application of the maxim is excluded by its terms.”
“The maxim res ipsa loquitur relates merely to negligence prima facie and is available without ex- *170 eluding all other possibilities, but it does not apply where there is direct evidence as to the cause, or where the facts are such that an inference that the accident was due to a cause other than defendant’s negligence could be drawn as reasonably as that it was due to his negligence.” 29 Cyc., 624.
“Where all the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the injury, but show a state of affairs from which an inference could as reasonably be drawn that the accident was due to a cause or causes other than the negligent act of defendant, the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances, nor is defendant called upon to explain the cause of the accident or purge itself of the inferential negligence. The doctrine of res ipsa loquitur does not apply in such case.” McGrath v. St. Louis Transit Co., 197 Mo., 97.
“And a careful analysis of the better considered decisions shows that negligence will not be presumed from the mere fact of injury, when that fact is as consistent with a presumption that it was unavoidable as it is with negligence; and therefore, if it be left in doubt what the cause of the accident was, or if it may as well be attributable to the act of God or unlmown causes as to negligence, there is no such presumption.” 20 Ruling Case Law, 185, Section 155.
In Chicago Union Traction Co. v. Crosby, 109 Ill. App., 644, the syllabus is as follows: “Where an injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and *171 applied by it, a presumption of negligence on its part is raised; but if the accident is due to a cause beyond tbe control of tbe carrier, as the presence of vis major, or the tortious act of a stranger, no such prima facie case is made out as will throw upon the carrier the burden of showing that it was not guilty of negligence.”
Substantially the same principle is sustained in St. Louis & S. F. Rd. Co. v. Burrows, 62 Kans., 89, in the first proposition of the syllabus, as follows: “In an action by a passenger against a common carrier to recover for personal injuries received while traveling in a conveyance of the latter, proof of the accident and plaintiff’s injury casts the burden on the carrier to free itself from the presumption of negligence. The gist of the action being the negligence of the defendant, the above rule is not applicable in such suit against a railway company where the evidence introduced by the plaintiff shows that the accident resulted from an act of God, unavoidable casualty, or from causes not connected with the construction, operation or maintenance of the railway. ’ ’
Having in view the genesis of the maxim and the reasons for its adoption, how can it possibly apply in a case where there is evidence definitely supporting the defendant’s claim that the accident happened by reason of a vis major, causing the poles and wires to fall upon the automobile of the defendant?
In its general charge the court said that the plaintiff was not entitled to recover simply because the poles and wires fell. Manifestly this was not preju *172 dicial. If the evidence touching the defective character of the poles were ignored, the most that plaintiff below could claim from the evidence would be that the cause of the poles falling was conjectural, in which situation it has been held that “if causes other than the negligence of the defendant might have produced the accident, the plaintiff is bound to exclude the operation of such causes by a fair preponderance of the evidence.” Wadsworth v. Boston Elevated Ry. Co., 182 Mass., 572, and Searles v. Manhattan Ry. Co., 101 N. Y., 661.
An inspection of the record discloses that the plaintiff chiefly relied, as a basis for negligence, upon the claim that the poles upholding the wires were rotten, decayed and of insufficient strength. "While this was denied, one of the chief elements of the defense was that these poles fell because of an extraordinary storm amounting to a vis major. This feature of the defense was recognized as a vital one by the plaintiff below who requested a special charge upon the subject. From the testimony offered by defendant it appears that on that afternoon, about the time of the injury, great damage had been done in the city and vicinity. This was featured in several pages of an issue of a large daily paper. However, the greatest velocity of the storm occurred after 1:30 r. m.
Under the court’s instructions, the cause went to the jury upon two phases of the controversy: Was the defendant negligent in maintaining the poles and wires as alleged; or was the accident caused by an event described in the instructions as an act of God? Upon these issues the jury returned a general verdict for the defendant. There could be no *173 possible prejudicial error therefore in eliminating from the case the application of the maxim, res ipsa loquitur.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Robinson, Matthias and Day, JJ., concur.
Marshall, C. J., and Allen, J., concur in the judgment.
Wanamaker, J., dissents.