## WORMALL, respondent, *v.* REINS, appellant.

PRACTICE — *amendments to pleadings.* Courts, in their discretion, can allow amendments to a complaint before the case is submitted to a jury, to make the allegations correspond with the proof.

PRACTICE — *amendments to allegations not denied in answer.* In this action, to recover damages for mal-practice by a physician, the court did not abuse its discretion in allowing the plaintiff to amend the complaint, after the testimony had been closed, by striking out the words "fractured" and "broken," although the answer did not deny the allegation of the complaint, that the elbow and arm of plaintiff were "dislocated, put out of joint, disrupted, broken, fractured, wounded and bruised."

PRACTICE — *continuance after amendments during trial.* The court did not abuse its discretion in refusing a continuance, after the plaintiff had been permitted to make an amendment to the complaint during the trial, which did not present a new material issue.

*Appeal from the Third District, Lewis and Clarke County.*

THIS case was before the court at the January term, 1872, *ante,* 424. After the action was commenced by plaintiff, she

was married to A. H. Wormall. In March, 1872, the case was tried by a jury, that found for plaintiff for $5,000 damages. The court, WADE, J., overruled a motion for a new trial, and Reins appealed.

The facts are stated in the opinion.

E. W. TOOLE, CHUMASERO & CHADWICK, and SHOBER & LOWRY, for appellant.

The complaint avers, and the answer does not deny the averment, that the coronoid process of respondent's arm was broken and fractured. The evidence of the medical experts shows that such an injury was not susceptible of cure. Respondent must prove that appellant treated an incurable injury to respondent in an unskillful manner. The allowance of the amendment to the complaint, omitting the words "fractured and broken," changed the gist of the action. It injured the appellant, and did not subserve substantial justice. It rendered inapplicable all the evidence for the appellant. Appellant is entitled to a new trial, to meet an issue unknown to the case when it was tried.

The affidavits of appellant and his attorneys show that they were surprised by the allowance of this amendment, and the continuance should have been granted. This refusal to continue the case was arbitrary. In all cases in which amendments are allowed, to conform to the proof and surprise followed, a continuance is always granted. Appellant has a right to meet the newly-made issue at a subsequent trial.

W. F. SANDERS and G. G. SYMES, for respondent.

The allowance of amendments and granting of continuances are entirely within the discretion of the court. A case will not be reversed on this ground unless it is clearly shown that there was an abuse of discretion. 1 Van Sant. Pl. 812–818; *Kreisten v. Madden*, 38 Cal. 158; *Pierson v. McCahill*, 22 id. 127; *Walden v. Craig*, 7 Wheat. 576.

The amendment was made in this case to make the pleadings conform to the proof, and enable the jury to decide the

case on the evidence. It was allowed in furtherance of justice. *Hunter* v. *Hudson River*, 20 Barb. 493.

Appellant was not surprised by the amendment. The testimony for one week turned upon the point whether or not the coronoid process was fractured. If appellant thought that this fact was admitted in the complaint, why did he allow evidence to be introduced regarding it? And why did he introduce evidence to prove what he claims the complaint admitted?

Amendments can be allowed during the trial to present the real issues; and it is not too late after the testimony is closed. 3 Estee's Pl. 301, and cases cited; *Valencia* v. *Couch*, 32 Cal. 339; *Stringer* v. *Davis*, 30 id. 318.

KNOWLES, J. This is an action for damages for the malpractice of the appellant Reins while acting as a surgeon.

The only errors complained of in the argument of appellants is the allowing of an amendment to the complaint after the close of the testimony on the trial of the cause and the refusal of the court to continue the cause on the application of the defendants after allowing such amendment.

The complaint averred that the elbow and arm of the plaintiff, Minnie Wormall, was dislocated, put out of joint, disrupted, broken, fractured, wounded and bruised. The answer of the defendant did not traverse this allegation. The contest in the case seems to have been from the statement of the evidence in the record upon the point as to whether the elbow was put out of joint and dislocated, and what is termed the coronoid process of the ulna at the elbow was broken. The plaintiff introduced evidence to the effect that the elbow was only put out of joint and dislocated, and that the coronoid process was not broken. The defendant offered evidence to the effect that the elbow was not only dislocated, but this coronoid process was broken. It seemed to be conceded by all the experts in the case, that if the coronoid process at the elbow had been broken, that the hurt suffered by plaintiff was a much more serious one than a simple dislocation of the elbow joint, and one much more

difficult to be treated. The defendant's attorneys asked the court to instruct the jury that the plaintiff had admitted in the pleadings that the arm was both fractured and dislocated, and the jury must take this allegation as true, and in considering whether the defendant is liable, take this fact into consideration. The plaintiffs thereupon offered to amend their complaint to correspond with the proofs in the case, and show that the arm of the defendant was only dislocated at the elbow. This the court permitted them to do. The court may, in furtherance of justice and upon such terms as are just, allow the amendment of any pleading at any stage of a proceeding. This power is a discretionary one, and this court cannot review the exercise of the same. Unless there has been some abuse of that discretion, courts have frequently permitted pleadings to be amended even after verdict and judgment to correspond with the proofs in the case, and I can see no reason for refusing to allow the amendment of a pleading to correspond with the proofs before the cause is submitted to a jury.

In the second place the power to grant or the refusal to grant a continuance, also rests in the legal discretion of the court to whom such application is made, and the refusal to grant the same, or the granting thereof, cannot be reviewed by this court unless there appears to have been an abuse of this discretion.

Where the evidence, on a trial, introduced by the plaintiff goes to the point that only a dislocation of the elbow joint was the injury suffered by the plaintiff, and that the coronoid process of the ulna was not fractured, and the testimony introduced by the defendant goes to the point that the elbow joint was not only dislocated, but that the coronoid process of the ulna was fractured and the court permitted the plaintiff to amend his pleadings so as to present this issue, we cannot see that such action would be any ground for a continuance. It may be proper to remark, also, that the amendment of the plaintiffs was not of such a serious character as the plaintiffs seem to think it was. It is true that the complaint did allege that the arm and elbow were both

dislocated and fractured. This was not, however, an admission that the elbow was dislocated and that the coronoid process of the ulna was fractured, a peculiar and unusual fracture. There may be other fractures of the arm and elbow besides that of the coronoid process of the ulna, and fractures which would not very materially have affected the treatment of a dislocated elbow. It cannot then be considered that this admission was one of any great importance in this case because it is not an admission of a fracture that rendered the treatment of the dislocated elbow difficult.

Section 79, page 42, of our practice act provides that "the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or de fect."

As the admission in the record cannot be considered as an admission of the fracture of the coronoid process of the ulna, the most material issue in the case, and the only one claimed by the defendant to have existed, I think that admission was not one that affected the substantial rights of the parties.

The allowing of an amendment in the pleadings so as to preclude this admission, was not one that presented any new material issue in the case, and hence there could have been no abuse of discretion in refusing a continuance for that cause.

Judgment of the court below is affirmed, with costs.

*Judgment affirmed.*