PALMER, respondent, v. McMASTERS ET AL., appellants.

MARRIED WOMAN — *Abandonment by husband — May sue alone after.*— A married woman who has been deserted and abandoned by her husband should be treated as a *feme sole*, and may sue and be sued as such. In an action by her in her own name the removal of her disability should be alleged and proved, because the fact of marriage raises the presumption that the disability still exists. If no such allegation be made, the admission of evidence of her husband's abandonment is error without prejudice, if the defendant was not taken by surprise.

PLEADING MAY BE AMENDED SO AS TO CONFORM TO ISSUE TRIED, after the evidence is concluded.

*Appeal from Second District, Deer Lodge County.*

THE opinion states the facts.

ROBINSON & STAPLETON, for the appellants.

WADE, C. J. This is an appeal from a judgment and from an order overruling a motion for a new trial.

The action is in the nature of trover, and the respondent in her complaint alleges that she is a married woman and a sole trader, and doing business as such in the county of Deer Lodge; that she is the owner of and entitled to the possession of the property described in the complaint, and that the defendants (appellants) unlawfully seized said property and converted the same to their own use.

The appellants deny the allegations of the complaint as to respondent being a sole trader, and justify their seizure of the property under an execution issued out of the probate court of said county, upon a judgment in favor of one James M. Bailey and against William J. Palmer, who is alleged to have been the owner and in the possession of said property at the time it was so seized on said execution.

The replication denies the ownership and possession of William J. Palmer at the time the property was so seized on execution, or at any other time.

On the trial the respondent sought to prove that William J. Palmer, the defendant in said execution, was the husband of the respondent; that he had deserted his wife and left the territory, leaving her in destitute circumstances, and therefore that the abandoned wife had a right to the property in question, and to maintain this action, though she might not have been a sole trader, and had not filed with the recorder a separate list of her property. The appellants objected to this testimony, for the reason that the pleadings do not tender an issue as to the desertion of the respondent by William J. Palmer, her husband; but the objection was overruled and the testimony admitted, and this action of the court is one of the errors complained of.

In aid of this ruling of the court, the principle is invoked

that it is not necessary to allege affirmatively that a plaintiff has a right to sue, for that is presumed, as that he is of lawful age and of a sound mind, and if the right is questioned it is matter of defense. But this complaint shows that the plaintiff is a married woman, and in such a case the presumption is exactly the contrary, and therefore her right ought affirmatively to appear.

We think a married woman who has been deserted and abandoned by her husband should be treated as a *feme sole*, and subject to sue and be sued as such. This was so at common law, if the husband had abjured the realm, and there is not much practical difference, so far as the wife is concerned, whether her husband abandons her by abjuring the realm, or deserts her by departing the territory of Montana. It is not of vital importance whether the desertion is called abjuration or abandonment.

Desertion of the wife by the husband, she being without fault, removes the disabilities of coverture, and authorizes the wife to act as a *feme sole;* but the removal of this disability ought to be alleged and proved, because the fact of marriage raises the presumption that the disabilities still exist.

The failure to make the allegation of desertion, and the admission of proof upon that subject, seems to have been an error without prejudice. The appellants do not seem to have been taken by surprise. They did not ask for time to procure testimony upon this question. They did not ask for a continuance of the cause in consequence of this ruling of the court, but they went on and tried the issue the same as if it had been tendered in the pleadings, producing testimony upon their side of the case to controvert the testimony in behalf of the respondent and made no complaint or objection that they were not ready.

The trial presents the case of an issue having been tried that was not raised by the pleadings, and in such a case, if necessary, the pleadings, even after the evidence is concluded, may be so amended as to make the issue tried in the

evidence conform to the pleadings. *Wormall* v. *Reins*, 1 Mont. 627.

The testimony conclusively shows that the property in question, at the time of its seizure by the appellants, belonged to the respondent. The verdict was just and right, and the judgment is affirmed, with costs.

*Judgment affirmed.*