DEMPSTER, RESPONDENT, *v.* OREGON SHORT LINE RAIL-ROAD CO., APPELLANT.

(No. 2,542.)

(Submitted June 27, 1908.   Decided July 18, 1908.)

[96 Pac. 717.]

*Personal Injuries—Railroads—Conflicting Evidence—Appeal—Review — Complaint — Amendment — Discretion—Theory of Case.*

Trial—Complaint—Amendment—Review.
1.   The propriety of permitting an amendment to the complaint, at the close of plaintiff's case, in an action to recover damages from a railroad company for personal injuries, by changing the amount of the demand from $2,000 to $6,000, alleged by appellant to have been asked for for the purpose of depriving defendant, a foreign corporation, of the right to remove the cause to the United States circuit court, will not be reviewed where no such objection was made in the district court and a ruling obtained thereon.

Same—Complaint—Amendment—Harmless Error.
2.   The court's action in allowing the amendment referred to in the foregoing paragraph, if error, was harmless, where the verdict did not exceed the amount originally demanded.

Same—Complaint—Amendment—Propriety—Presumptions.
3.   Where no showing was made to the district court that plaintiff, in asking for the amendment above, resorted to a trick so as to deprive the corporation of its right to remove the cause, the court was justified in acting upon the presumption that the action was brought in good faith for the smaller amount, and asked for the amendment in order to make the complaint conform to the proof.

Same—Complaint—Amendment—Discretion.
4.   It lies within the discretion of the trial court to permit an amendment to the complaint, at the close of plaintiff's case, for the purpose of making it conform to the proof, and error cannot be predicated upon its action unless abuse is shown.

**Personal Injuries—Negligence—Presumptions—Burden of Proof.**

5.   Where, in an action by a passenger against a railway company for personal injuries, the proof showed that plaintiff without contributory negligence was injured by reason of a collision caused by the train running into an open switch, a presumption of negligence on the part of the defendant was created, making out a *prima facie* case for plaintiff, and thereupon the burden was cast upon defendant to overcome this presumption, by showing that its servants and employees were acting with that high degree of skill and caution which the law imposes upon it.

**Same—Conflicting Evidence—Appeal—Review.**

6.   Where the evidence adduced in a personal injury case is conflicting, and a new trial is not asked upon the ground that the verdict was excessive, the supreme court will accept the verdict of the jury and the judgment of the district court on a re-examination of the evidence on the motion for new trial, as binding, both as to the general liability of the defendant and as to the amount of damages awarded.

**Same—Pain and Suffering—Apportionment of Damages—Evidence.**

7.   *Quaere:*  Must plaintiff, in an action to recover damages for personal injuries, more or less permanent in character and accompanied by pain and suffering, refrain, after the injury, from any active employment if the attendant activity aggravates the pain and suffering, and is he required to submit evidence to enable the jury to apportion the damage proximately caused by the injury and that which was caused by himself by resuming his ordinary vocation?

**Trial—Theory of Case—Acquiescence—Appeal.**

8.   A party who has acquiesced in the trial of a cause upon a certain theory cannot insist, either on motion for new trial or on appeal, that the district court adopted a wrong theory.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

Action by Charles W. Dempster against the Oregon Short Line Railroad Company.   From a judgment for plaintiff and an order denying it a new trial, defendant appeals.   Affirmed.

*Mr. J. L. Wines,* for Appellant.

If the respondent has a right to show (which we concede) the extent of the pain he suffered from the accident, then the appellant has a right to insist that a large portion of the pain suffered by respondent was caused by his own acts, especially in view of the fact that he so testifies himself.   If these propositions are true, it most assuredly devolves upon respondent to make the segregation by proper evidence of some character which the jury might consider; and if he has not done so, that is, has not made such segregation, then the verdict is not supported by the evidence.   (*Southern Pac. Co.* v. *Johnson,* 69 Fed. 559,

16 C. C. A. 317; 4 Am. & Eng. Ency. of Law, 31; *Secord* v. *St. Paul etc. Ry. Co.*, 18 Fed. 221, 5 McCrary, 515; 24 Beach on Contributory Negligence, sec. 24; *Gould* v. *McKenna,* 86 Pa. St. 297, 27 Am. Rep. 705.)

*Mr. H. L. Maury,* and *Mr. S. T. Hogevoll,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Defendant is a corporation organized and existing under the laws of the state of Utah. It is the owner of a line of railroad extending from the city of Ogden in that state, to the city of Butte, Montana, and is, and was at the time hereinafter mentioned, engaged in the business of a common carrier of freight and passengers between these points. On August 18, 1907, plaintiff was a passenger upon one of defendant's regular passenger trains on his way to Salt Lake City, Utah. At a point some miles below Dillon, in Montana, the train ran into an open switch, and being thus deflected from the main track to a side-track, collided with a train of cars thereon. By the sudden shock of the collision, plaintiff was thrown violently forward over the seats in front of the one upon which he was sitting, and fell head first upon the floor of the car, with the result that his back was wrenched and injured. In addition to the allegations setting forth these facts, the complaint avers that the defendant negligently suffered the said switch to be open and thereby caused the collision; that the plaintiff was without fault on his part; that the plaintiff was compelled by reason of his injury to spend five days in a hospital at Salt Lake and a week thereafter under the care of a nurse at Soda Springs, Idaho; that he suffered great bodily pain, and that he still so suffers, and is advised and believes that this condition will continue for many years; that this injury is permanent, and that he has been damaged to the extent of $6,000. Judgment is demanded for this sum. The answer is simply a denial of all the material allegations contained in the complaint. As originally

drawn, the complaint fixed the amount for which judgment was demanded, at $2,000.   During the trial and at the close of plaintiff's case the court, upon application of the plaintiff and over objection by the defendant, permitted an amendment changing this amount to $6,000.   The plaintiff had verdict and judgment for $2,000.   Defendant has appealed from the judgment and an order denying it a new trial.

Counsel for defendant contends that this court should direct a new trial for the reasons (1) that the trial court erred in permitting the amendment; and (2) that the evidence is insufficient to justify the verdict.

1. The objections urged against the allowance of the amendment at the time it was made were that it would be an abuse of discretion to permit an amendment at that stage of the trial, and would operate as a surprise to the defendant.   In his brief counsel does not urge either of these objections.   He now contends that it appeared from the evidence that the defendant is a Utah corporation, and that the plaintiff is a resident of Butte, Hence, if the action had originally been brought for $6,000, the defendant would have had the right under the federal statute to remove the cause for trial to the United States circuit court, on the ground of the diverse citizenship of the parties, and that the allowance of the amendment deprived it of this substantial right.   The action of the court must be deemed prejudicial error, it is said; otherwise, since the removal of such a cause may be had only at or before the time for appearance by the defendant, a plaintiff might purposely bring his action for an amount so small as to prevent a removal at that time, and then, after appearance by defendant, amend so as to demand any amount.   The contention cannot be sustained.   In the first place, whatever merit might have been attached to it if it had been made at the trial and at the time of the amendment, since the objection was not made in the lower court and a ruling had thereon, there is nothing before this court for review.   The district court acquired jurisdiction of the action, and had jurisdiction of it for all purposes.   In the second place, it appears that no prejudice resulted

from the amendment.   The verdict was for the amount originally claimed.   Finally, in order to obtain a ruling upon the question whether defendant had been deprived of its right of removal by a trick of the plaintiff, resorted to to prevent a petition for removal, some showing must have been made to the trial court of this fact.   In the absence of such a showing, the court would have been justified in acting upon the presumption that the plaintiff brought the action in good faith for the smaller amount, and asked for the amendment in order to make the statement in the complaint conform to the proof.   For such purpose it was within the discretion of the court to permit an amendment, and error cannot be predicated upon its action unless abuse is shown. (*Wormall* v. *Reins,* 1 Mont. 627; *Palmer* v. *McMasters,* 6 Mont. 169, 9 Pac. 898; *Borden* v. *Lynch,* 34 Mont. 503, 87 Pac. 609.)

2. There is no controversy in the evidence but that the plaintiff was a passenger upon one of the defendant's trains, and was injured in a collision as alleged, and at the time and place alleged.   No question as to contributory negligence on the part of the plaintiff was presented either by the pleadings or the evidence.   Upon this condition there arose a presumption of negligence on the part of the defendant, which made out a *prima facie* case for plaintiff, and the burden was cast upon it to overcome this presumption by evidence showing that its servants and employees were acting with that high degree of skill and caution which the law imposes upon it.   (*Ryan* v. *Gilmer,* 2 Mont. 517, 25 Am. Rep. 744; *Hamilton* v. *Great Falls St. Ry. Co.,* 17 Mont. 334, 42 Pac. 860, 43 Pac. 713; *Pierce v. Great Falls & Canada Ry. Co.,* 22 Mont. 445, 56 Pac. 867.)

The controversy in the evidence was as to the extent of the injury and the physical pain resulting from it.   Plaintiff offered evidence that he had suffered an injury to his spine, causing an intrameningeal hemorrhage, resulting in intense pain, which, though somewhat diminished in intensity, had continued up to the date of the trial.   One physician testified that the injury was such that pain from it might continue for a long time, possibly through life.   The defendant sought to show that the injury was

very slight, and, at most, could have been no more than temporarily painful. In short, the attempt was to show that the plaintiff's alleged pain and suffering were simulated. There was a sharp conflict in the evidence upon this branch of the case; and, while we can readily see that a verdict for nominal damages only would have been fully justified, it is not within the province of this court to determine whose witnesses told the truth. Under the rule so often announced in such cases, we must accept the verdict of the jury and the judgment of the trial court on a re-examination of the evidence on the motion for new trial as binding, both as to the general liability of the defendant and as to the amount of the damages awarded, a new trial not having been asked upon the ground that the verdict was excessive.

One phase of the argument pursued by counsel for defendant is somewhat peculiar. It is said that the plaintiff's own evidence shows that he was not disabled for more than twelve days; that at the expiration of this time he resumed his ordinary vocations; that the greater part of the pain and suffering experienced by him after that time was caused by his physical movements in the pursuit of his business; that he did not submit any evidence to the jury to enable them to "apportion" the damage arising from the pain and suffering—in other words, to ascertain what portion of it was proximately caused by the injury and what was caused by himself—and hence that the verdict is not justified. This argument, of course, involves the assertion that when one has suffered an injury, more or less permanent in character and accompanied by pain and suffering, he must refrain from any active employment, if the attendant activity aggravates the pain and suffering; and, if he brings an action for damages because of the injury, and the attendant pain and suffering, he must eliminate from the case by his own evidence that proportion of the damage which he could have avoided if he had remained inactive. Counsel cites several cases which he asserts support this contention. Whether in a proper case this contention would have merit we do not decide. It was assumed at the trial that the plaintiff, if he could recover substantial damages at all, was en-

titled to recover for his continuing pain and suffering, whether aggravated by his pursuit of his business or not. No motion for nonsuit was made because of failure of proof in the particular now called to our attention; nor was request made for any instruction applicable to this theory of the case. All the instructions were drawn and submitted in accordance with the theory upon which the trial was had. There was no objection to any of them. Defendant could not, therefore, change its ground after the trial was concluded, and insist that it should be granted a new trial in order that it might have the case tried upon the correct theory. Having adopted or acquiesced in a theory of the case in the trial court, and permitted the trial judge to try it upon that theory, counsel will not be permitted to say, either on motion for new trial or on appeal to this court, that the trial court adopted the wrong theory. (*Durfee* v. *Harper*, 22 Mont. 354, 56 Pac. 582; *Wortman* v. *Montana Central Ry. Co.*, 22 Mont. 266, 56 Pac. 316; *Talbott* v. *Butte City Water Co.*, 29 Mont. 17, 73 Pac. 1111; *Hendrickson* v. *Wallace*, 29 Mont. 504, 75 Pac. 355.) To this rule there are some exceptions (21 Ency. of Pl. & Pr. 664), but the defendant does not bring itself within any of them. Therefore, without expressing any opinion as to the correctness, as an abstract proposition, of the rule invoked by defendant, it is not applicable to this case.

We are of the opinion that the judgment and order should be affirmed, and it is so ordered.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.