GARVIN, RESPONDENT, *v.* BUTTE ELECTRIC RY. CO.,
APPELLANT.

(No. 3,804.)

(Submitted October 5, 1917. Decided November 15, 1917.)

[169 Pac. 40.]

*Carriers—Street  Railways — Carriage  of  Passengers—Negligence—Jury  Question—Instructions—Proper  Refusal.*

Street Railways—Snow and Ice on Car-steps—Duty of Carrier.
    1.  *Held,* that it may not be laid down as a matter of law that a street-car company is never required to remove snow deposited on the steps of its cars while in transit between the termini of its road during a snowstorm, and packed thereon by passengers getting on and off, but that under the statute which places upon the carrier of passengers the duty to use the utmost care and diligence for their safe carriage, and the evidence, it was for the jury to determine whether defendant should have removed the accumulation so as to avoid injury to plaintiff by slipping while in the act of alighting.

Same—Duty of Carrier—Instruction—Proper Refusal.
    2.  In the absence of limitations therefrom to the effect that if the accumulation of snow and ice on the car-step had assumed a dangerous form, was caused in whole or in part by defendant's employees, or had existed for such a length of time that the company must have known of its presence and its dangerous character, the company was not excused from liability, an offered instruction that the mere fact of snow and ice accumulating on the step during a snowstorm was not such evidence of negligence as would warrant recovery, if defendant company had not a reasonable time to remove the effects of the storm, was properly refused.

Same—Duty of Carrier—Improper Instruction.
    3.  An offered instruction that it is the duty of a carrier of passengers to exercise a very high degree of care to clean off the steps of its cars when leaving the barn in the morning, and that it is bound to exercise ordinary care to keep the steps free from snow and ice during the day, did not meet the requirement of utmost care called for by the statute, and was properly refused.

    [As to duties and liabilities of street-car companies to passengers, see note in 118 Am. St. Rep. 461.]

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by Josephine Garvin against the Butte Electric Railway Company and another. From a judgment against defendant company it appeals. Affirmed.

On duty of carrier of passengers to keep steps of cars free from snow and ice, see notes in 15 L. R. A. (n. s.) 523; 35 L. R. A. (n. s.) 592.

STATEMENT OF THE CASE BY THE JUDGE DELIVERING THE
OPINION.

Josephine Garvin brought this action against the defendants
Butte Electric Railway Company and J. R. Wharton, its gen-
eral manager, on account of injuries alleged to have been re-
ceived by her as the result of a fall while she was getting off
of one of defendant company's street-cars in the city of Butte
on January 24, 1914. At the conclusion of plaintiff's case a
motion for a nonsuit was made on behalf of both defendants.
It was granted as to the defendant Wharton, but denied as to
the defendant corporation. At the close of all the evidence the
defendant company moved the court for a directed verdict.
This motion the court denied. Thereafter the jury returned a
verdict in favor of plaintiff and against the defendant com-
pany for the sum of $600. From this judgment this appeal is
taken.

The negligence charged in the complaint is: "That the de-
fendants carelessly and negligently allowed and permitted snow
and ice to accumulate on the steps of the said car used by pas-
sengers in boarding and alighting from said car," and that
in attempting to alight from said car "the plaintiff slipped
upon the ice and snow that the defendants had carelessly and
negligently allowed to accumulate upon the steps of said car,
as aforesaid, and fell and struck the step of said car, thereby
being severely injured as follows, to wit:    *    *    *    "

The answers denied substantially every allegation of the com-
plaint, save the allegation of the corporate capacity of the de-
fendant corporation, the business in which it was engaged, and
that Wharton was its general manager.

From the testimony it appears that the plaintiff, Josephine
Garvin, resided at 519 North Alabama Street, in Butte, Mon-
tana; that on January 24, 1914, at the corner of Broadway and
Main Streets, in said city, she boarded a Walkerville car for
home. It was snowing when she entered the car, and snow
continued to fall during the time plaintiff was on the car. A

number of other passengers boarded the car at the same place and time with plaintiff. The car was a pay-as-you-enter side door entrance car. At Excelsior and Caledonia Streets the plaintiff left the car, and in getting off she slipped upon the snow and ice on the step of the car, sustaining injuries. The defendant company contends that it conclusively appears from the evidence that the snow upon which plaintiff slipped was tracked upon the step of the car by passengers who boarded the car immediately before or in company with the plaintiff. The plaintiff disputes this, and claims the evidence shows that the presence of the snow upon the car-step was due to three reasons: That it was tracked in by the passengers, the violence of the storm, and the act of the conductor in pushing snow from the inside of the car and on to the step before the car started out on the trip on which plaintiff was injured.

*Messrs. Shelton & Furman, Mr. A. J. Verheyen* and *Mr. Peter Breen,* for Appellant, submitted a brief; *Mr. Fred. J. Furman* and *Mr. Breen* argued the cause orally.

Plaintiff proved nothing more than that there was snow upon the step of the car when she undertook to leave the car. That the snow had all been tracked upon and into the car within a very few minutes prior to the accident is plain, and the evidence shows that the step was thoroughly cleaned at the time when it was lowered and the door was opened to admit passengers at the corner of Broadway and Main Streets at the beginning of the trip, and the evidence shows that it was snowing hard at the time. Under such circumstances the presence of snow upon the step does not constitute negligence on the part of the defendant corporation, and in the absence of other testimony of negligence there is no evidence sufficient to support the verdict or judgment, and a nonsuit should have been granted. (See *Meyer* v. *Michigan Cent. Ry. Co.,* 180 Mich. 516, 147 N. W. 485; *Palmer* v. *Pennsylvania Co.,* 111 N. Y. 488, 2 L. R. A. 252, 18 N. E. 859; *Meginn* v. *Ramsdell,* 163 App. Div.

232, 148 N. Y. Supp. 415; *Sutton* v. *Pennsylvania R. Co.*, 230 Pa. 523, 79 Atl. 719; *Caywood* v. *Seattle Elec. Co.*, 59 Wash. 566, 110 Pac. 420; *Riley* v. *Rhode Island Co.*, 29 R. I. 143, 17 Ann. Cas. 50, 15 L. R. A. (n. s.) 523, 69 Atl. 338; *Fearn* v. *West Jersey Ferry Co.*, 143 Pa. St. 122, 13 L. R. A. 366, 22 Atl. 708; *Kelly* v. *Manhattan Ry. Co.*, 112 N. Y. 443, 3 L. R. A. 74, 20 N. E. 383.)

*Messrs. Canning & Geagan* and *Mr. E. P. Kelly*, for Respondent, submitted a brief; *Mr. M. F. Canning* argued the cause orally.

The court did not err in refusing to grant defendant Butte Railway Company's motion for a nonsuit, at the conclusion of plaintiff's case, for the reason that there was at that time sufficient evidence before the court tending to show negligence on the part of the defendant for allowing the accumulation of snow and ice on the step of the car; and tending to show that the defendant had knowledge of the presence of the snow and ice on the step of the car, before it started its car on the trip on which plaintiff was injured; and that it failed to take any steps to remove the said snow and ice; and that in fact, the defendant actually contributed to and directly caused the presence of snow and ice on the step of the car by the act of its conductor in pushing out of the body of the car, and on to the step of the car, snow that interfered with the closing of the door of the car. (*Neslie* v. *Second & Third Sts. Passenger Ry. Co.*, 113 Pa. St. 300, 6 Atl. 72; *Gilman* v. *Boston & M. R. R. Co.*, 168 Mass. 454, 47 N. E. 193; *Foster* v. *Old Colony Street Ry. Co.*, 182 Mass. 378, 65 N. E. 795.)

In the last case above, the court cited *Fearn* v. *Ferry Co.*, cited by the appellant in the case at bar, but plainly showed that the rule in that case depended entirely upon the circumstances surrounding the parties at the time and place. (See, also, *Murphy* v. *North Jersey St. Ry. Co.*, 81 N. J. L. 706, 35 L. R. A. (n. s.) 592, 80 Atl. 331; *St. Louis Southwestern Ry. Co.* v. *Gresham* (Tex. Civ.), 140 S. W. 483.)

HONORABLE R. LEE WORD, a Judge of the First Judicial District, sitting in place of the Chief Justice, delivered the opinion of the court.

At the argument counsel for the appellant company stated that the only question presented on this appeal was: Is the presence of snow upon the step of a street-car evidence of negligence sufficient to justify a verdict when the snow complained of was tracked upon the steps in the midst of a snowstorm and upon the very trip on which plaintiff was injured, there being no evidence that snow was allowed to accumulate upon the step of the car between the beginning and end of the trip, except what was carried into the car and deposited on the steps of the car by the feet of the passengers, and there being affirmative evidence that the step was cleaned immediately before passengers got upon the car to make the trip on which the accident occurred? The appellant contends that, under the facts and conditions above stated, warranted, as it claims, by the evidence, no liability attached to the appellant company, and that the court erred in overruling its motion for nonsuit, for a directed verdict, and in refusing to give instructions Nos. 13 and 14 requested by appellant.

Respondent contends that the court did not err in denying the motion for a nonsuit, or for a directed verdict, or in giving the instructions requested by plaintiff, or in refusing to give those asked for by the defendant and appellant, for that there was evidence tending to show negligence on the part of the defendant company in that it allowed snow and ice to accumulate on the step of the car; tending to show that the defendant company had knowledge of the presence of the snow and ice upon the step of the car before it started the car on the trip on which plaintiff was injured, and that the defendant, through its agents, actually contributed to, and in part caused, the snow and ice to be upon the step of said car by the act of its conductor in pushing out of the body of the car and on to the step thereof snow that interfered with the closing of the door of the car.

Of the cases cited by appellant in support of its contention that, under the facts as disclosed by the evidence, no presumption of negligence against the defendant company arose because of the presence of snow and ice upon the step of the car on which plaintiff was a passenger, and that the defendant company was under no obligation to remove the snow and ice from the step of the car after plaintiff entered it and before she got off of it, the one on which it mainly relies is *Riley* v. *Rhode Island Co.*, 29 R. I. 143, 145, 17 Ann. Cas. 50, 15 L. R. A. (n. s.) 523, 69 Atl. 338. In the opinion of the court in that case the facts are stated as follows: "On the first day of March, 1907, the plaintiff, in descending from a street-car operated by the defendant, slipped from the step of the car and fell, and was injured. A snowstorm had commenced the night before, and, with intermissions of rain, continued during the day. The average temperature, until after the accident, was below the freezing point. It appeared in evidence that before starting upon the trip on which the accident occurred the conductor had removed from the step such snow and ice as had accumulated there, but that, after starting from the terminus of the route ice and snow had been deposited on the step by the feet of incoming passengers, and so remained in considerable mass when the plaintiff placed his foot upon it in alighting. He testifies that before stepping down he saw the snow and ice there, but used due care in descending. Upon these facts the superior court held that no negligence on the part of the defendant had been shown, and directed a verdict for the defendant." The supreme court of Rhode Island held that the verdict was rightly directed, resting its decision in the main upon the case of *Palmer* v. *Pennsylvania Co.*, 111 N. Y. 488, 2 L. R. A. 252, 18 N. E. 859. That court in its opinion in that case says: "The immediate and continuous removal of all snow and ice from such trains, or the covering of them with sand or ashes in such manner that no slippery places shall at any time be exposed, would be quite impracticable and beyond the duty which a railroad company owes to its passengers," and that "it is quite impossible to lay

down any general rule applicable to all circumstances, in respect to the degree of care to be observed by a railroad corporation in the removal of ice or snow from its cars, and each case must, therefore, be generally determined by its own peculiar circumstances; but it is safe to say that such corporations should not be held responsible for the dangers produced by the elements until they have assumed a dangerous form, and they have had a reasonable opportunity to remove their effects.''

The plaintiff, Josephine Garvin, testified, in substance, that when she boarded the car it was snowing hard; that a blizzard was blowing; that everybody's feet were full of snow, and that there was lots of snow both in the vestibule and on the step; that someone, either the conductor or motorman, attempted to close the car door: that the door refused to close on account of the amount of snow the passengers carried in, and that the conductor pushed the door back and forth and shoved the snow out on the step; that there was a mound of snow as large as her fist that kept the door from closing; that it was piled up that high, and the door refused to close; that the conductor took hold of the door and shoved the snow out on the step with both hands; that the conductor scraped out on to the step all the snow that was carried in by these eighty people; all the snow that interfered with the door. The conductor testified that he did not pay any attention to the step on the trip out. Other witnesses called by plaintiff testified as to the snow upon the step and in the vestibule of the car.

1. Under the evidence we are of opinion that the case was one for the jury under proper instructions. It was for them to say from the evidence whether the snow and ice upon the car step had assumed a dangerous form; whether the defendant company, through its agents knew, or in the exercise of reasonable diligence should have known, of the danger and had a reasonable opportunity to remove the snow and ice from the step of its car.

Under the statutes of this state, the burden is placed upon the carrier of passengers to use the utmost care and diligence

[1]  for their safe carriage.  To lay down the rule that under no circumstances is a common carrier of passengers called upon to remove accumulations of snow and ice from the steps of its cars between the termini of its route would in all cases of this nature relieve such carriers of the burden as to the safety of their passengers placed upon them by the statutes.  ''Conditions may arise when it would be the company's duty en route to remove the ice and snow from its steps for the safety of passengers in getting on and off its cars.  In such circumstances the duty of the company should be measured by the danger of the situation; and if it is apparent to a reasonably prudent person that passengers cannot get off or on the cars, exercising reasonable care, without danger of falling, the steps and platform should be put in such condition as to enable them to do so, even though the train must be delayed for that purpose.''  (*Haas* v. *St. Louis Co.*, 128 Mo. App. 79, 106 S. W. 599; *Craig* v. *United Rys. Co.*, 175 Mo. App. 616, 158 S. W. 390; *Neslie* v. *Second & Third Sts. Passenger Ry. Co.*, 113 Pa. 300, 304, 6 Atl. 72; *Dorrance* v. *Railway Co.*, 175 Mich. 198, Ann. Cas. 1915A, 763, 141 N. W. 697.)

In the present case it was for the jury to say whether or not, under the evidence, conditions had arisen which made it the duty of the defendant company, having due regard for the safety of its passengers, to remove the ice and snow from the step of its car after it left Main Street and before the plaintiff alighted therefrom.

Appellant urges that it was error for the court to refuse to
[2]  give instruction No. 13 asked by it, which reads as follows: ''You are instructed that a street railway company is not bound to immediately remove all snow and ice from the steps of its cars during a snowstorm, and a passenger has no right to assume that the effects of a continuous storm of snow will be immediately and effectually removed from the steps while the car is making its passage between the termini of its route; and the mere fact that snow and ice accumulated on the steps between the time the passenger boarded the car and got off is not such evidence of negligence of the company as will permit a recovery

by the passenger for the injuries caused by slipping on the steps when getting off; and if you find that the street railway company did not have a reasonable opportunity to remove the effects of this storm from the steps of its car, then your verdict must be for the defendants."

In its language this instruction closely follows that of the court in *Riley* v. *Rhode Island Co., supra.* However, it is to be inferred from the opinion of the court in that case and from the statements found in the cases cited therein that no liability attached to the defendant unless the accumulation of snow and ice had assumed a dangerous form, was caused in whole or in part by the employees of the company, or existed for such a length of time that the company must have known of its existence and of its dangerous condition and had a reasonable opportunity to remove it. In the absence of these limitations and conditions from instruction No. 13, the court below, in view of the evidence, did not err in refusing it. Nor did the court err in refusing instruction No. 14 asked by the appellant, for the reason that this instruction does not correctly state the law. As noted above, the duty of using the utmost care for the safety of its passengers, at all times, rested upon the defendant [3] company. By instruction No. 14, as offered by the appellant, the jury are told that: "It is the duty of the carrier to exercise a very high degree of care to clean off the steps of its car when it leaves the barn in the morning, and that it is bound to exercise ordinary care to keep the steps free from snow and ice during the day." Such care as here indicated is not the utmost care called for by the statute.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing opinion.