HECK, APPELLANT, *v.* NORTHERN PACIFIC RY. CO. ET AL.,
RESPONDENTS.

(No. 4,252.)

(Submitted January 6, 1921. Decided February 10, 1921.)

[196 Pac. 521.]

*Personal Injuries — Railroads — Passenger and Carrier—Res Ipsa Loquitur—Carrier not Insurer—Burden of Proof—Nonsuit—When Proper.*

Personal ' Injuries—Passenger and Carrier—*Res Ipsa Loquitur*—When Doctrine Inapplicable.

1. The doctrine of the maxim *res ipsa loquitur* is applicable to personal injury cases brought by passengers on railroads, to the extent that whenever the injury resulted from some vice or defect in the appliances or operative mechanism of the means of transportation or from the movement of trains, proof of the injury and the cause of it raises a presumption of the carrier's negligence; hence, generally speaking, it has no application to injuries received by a passenger while alighting from a standing train.

Same—Carrier not Insurer.

2. Section 5300, Revised Codes, imposing upon the carrier the duty to exercise toward a passenger for hire the highest degree of care, does not constitute the carrier an insurer of the passenger's safety.

Same—Carrier and Passenger—Burden of Proof.

3. Where injury results to a passenger from something over which the carrier has not the exclusive control, the rule of ordinary negligence obtains, and the burden is upon the passenger to show that the presence of the cause of the injury was attributable to the carrier's negligence.

Same—Carrier and Passenger—Nonsuit—When Proper.

4. Since actionable negligence arises only from breach of legal duty, it was incumbent upon plaintiff, who sought damages for injury sustained by her in alighting from a train, her foot slipping as she stepped upon the step-box put in place by the brakeman, to show that he was negligent in failing to discover upon the box a piece of ice about the size of a silver dollar, claimed to have been the cause of her slipping, failing in which she was properly nonsuited.

---

1. Presumption of negligence from accident resulting in personal injury, see notes in 43 Am. Rep. 73; 6 Am. St. Rep. 792; 113 Am. St. Rep. 986.

Rule of *res ipsa loquitur* as relieving plaintiff of burden of showing negligence, see note in Ann. Cas. 1914D, 908.

4. Duty of carrier to furnish suitable steps or appliances for boarding or alighting from cars, see note in 9 Ann. Cas. 965.

Liability of carrier of passengers for failure to remove ice or snow from steps of vehicle, see notes in 17 Ann. Cas. 51; Ann. Cas. 1915A, 767.

*Appeals from District Court, Gallatin County, in the Ninth Judicial District; A. C. Spencer, a Judge of the Thirteenth District, Presiding.*

ACTION by Mrs. N. H. Heck against the Northern Pacific Railway Company. From a judgment of nonsuit and an order denying plaintiff a new trial, she appeals. Affirmed.

*Mr. Walter Aitken,* for Appellant, submitted a brief, and one in reply to that of respondent, and argued the cause orally.

The issue on these appeals is purely one of law, to be determined from admitted facts, to-wit: (a) The fact that plaintiff was a passenger for hire at the time of the injury. (b) That the step-box was an appliance under the exclusive charge, custody and control of the respondent railway company. (c) That such appliance was used for the transportation of passengers. (d) That it was the duty of the carrier to keep and maintain said appliance in a safe condition for the purpose for which it was used. (e) That there was ice on the box when appellant stepped thereon; and (f) that as a result of the ice being on the box, appellant fell and was injured. There is no question of contributory negligence in the case. No such issue was pleaded.

With the foregoing facts standing undisputed it seems clear beyond all question that the court was in error in holding, as a matter of law, that the respondents were not negligent in permitting the ice to be upon the step-box. Without citing authority from other jurisdictions, it would appear that the holding of this court in *Garvin* v. *Butte Electric Ry. Co.,* 54 Mont. 196, 169 Pac. 40, is decisive of the question here involved. The holding of this court in the *Garvin Case* finds abundant support in decisions from other jurisdictions. (See *French* v. *Spokane & I. E. R. Co.,* 102 Wash. 236, 172 Pac. 1159.) The case of *Missouri Pac. R. Co.* v. *Wortham,* 73 Tex. 25, 3 L. R. A. 368, 10 S. W. 741, was one where the respondent was injured when she fell from a step-box placed by the appellant railroad

company as a means for her to alight from the train. The box was placed upon the ground and not upon the platform, and there was evidence that the accident was caused by respondent stepping upon the edge of the box, causing it to overturn. The box had been used safely by several other passengers who had preceded respondent in alighting. The verdict for respondent was sustained. (*Weston* v. *New York Elevated R. Co.*, 73 N. Y. 595.) In *Timpson* v. *Manhattan Ry. Co.*, 52 Hun (N. Y.), 489, 5 N. Y. Supp. 684, the court says: "Different rules must be applied to those portions of the platform upon which the passengers must necessarily alight, from those in respect to the cars and keeping of other parts of the platform, as to the going upon which the passenger has an option, or may or may not use as he desires." In this case appellant had no option. The step-box was, to all intents and purposes, a part of the car-steps themselves, with the notable difference from the steps themselves, that the step-box was a movable appliance, kept under cover when not in use, and under the direct care and control of the brakeman at all times, and with the care of which he was specially charged. (*Texas & Pac. Ry. Co.* v. *Hanson* (Tex. Civ.), 189 S. W. 289.)

In the recent case of *Sellars* v. *Southern Pac. Co.*, 33 Cal. App. 701, 166 Pac. 599, the supreme court of California had under consideration the same contention as was made in this case on the motion for a nonsuit by respondent, to-wit, that while the train was at a standstill the carrier was not held to the same high degree of care towards its passengers as when the train was in motion, but was liable for want of only ordinary care, and the California court suggests that in affirming those abstract principles as to the degree of care required the appellant railway company is "close to the mark." (See, also, *Nelson* v. *United Rys. Co.*, 85 Or. 427, 166 Pac. 763.)

In the case of *Migge* v. *Northern Pac. Ry. Co.*, 75 Wash. 197, 134 Pac. 815, the facts were almost identical with the case at bar, except that there the injury to the woman was the result of the step-box being placed on an uneven surface. The

accident occurred about noon.   Several passengers had alighted
from the car ahead of Mrs. Migge, using the step-box with-
out accident.   At the close of the plaintiff's case the defend-
ant rested without offering any evidence and moved for a
directed verdict, which was denied.   There was judgment for
the plaintiff and defendant appealed.   The judgment was
affirmed.

*Mr. W. S. Hartman* and *Messrs. Gunn, Rasch & Hall,* for
Respondent, submitted a brief; *Mr. E. M. Hall* argued the
cause orally.

That the degree of care varies with the risk involved and
the dangerous character of the work or means employed is well
settled by the authorities.   The overwhelming weight of au-
thority recognizes a clear distinction between the care required
of a carrier toward its passengers in the movement of trains
and that required when they are getting on or off a car stand-
ing still.   The evidence in this case shows the defendants were
exercising that degree of care required of them, under the cir-
cumstances in this case, and were not guilty of negligence, as
a matter of law.

In the following cases the facts are quite similar to those in
this case, and in most of them it was held, as a matter of law,
that there was no negligence: *Beltz* v. *Buffalo, R. & P. R. Co.,*
222 N. Y. 433, 119 N. E. 81; *Connell* v. *Oregon Short Line R.
Co.,* 51 Utah, 26, 168 Pac. 337; *Pittsburgh C. C. & St. L. Ry.
Co.* v. *Harris,* 38 Ind. App. 77, 77 N. E. 1051; *Maxfield* v.
*Maine Cent. Ry. Co.,* 100 Me. 79, 60 Atl. 710; *Kelly* v. *Man-
hattan Ry. Co.,* 112 N. Y. 443, 3 L. R. A. 74, 20 N. E. 383;
*Phillips* v. *Butte etc. Fair Assn.,* 46 Mont. 338, 345, 42 L. R. A.
(n. s.) 1076, 127 Pac. 1011; *Knuckey* v. *Butte Electric Ry. Co.,*
41 Mont. 314, 109 Pac. 979; *Serviss* v. *Ann Arbor R. Co.,* 169
Mich. 564, 135 N. W. 343; *Scholtz* v. *Interborough R. Transit
Co.,* 48 Misc. Rep. 619, 95 N. Y. Supp. 557; *Bernhardt* v. *West-
ern Pennsylvania R. Co.,* 159 Pa. 360, 28 Atl. 140; *Polland* v.
*Grand Trunk Ry. Co.,* 112 Me. 286, 92 Atl. 38; *Prescott &*

*N. W. R. Co.* v. *Thomas,* 114 Ark. 56, 167 S. W. 486; *Goddard* v. *Boston & M. R. Co.,* 179 Mass. 52, 60 N. E. 486; *Louisville & N. R. Co.* v. *O'Brien,* 163 Ky. 538, Ann. Cas. 1916E, 1084, 174 S. W. 31; *Hotenbrink* v. *Boston Elevated Ry. Co.,* 211 Mass. 77, 39 L. R. A. (n. s.) 419, 97 N. E. 624.

In *Riley* v. *Rhode Island Co.,* 29 R. I. 143, 17 Ann. Cas. 50, 15 L. R. A. (n. s.) 523, 69 Atl. 338, ice and snow had been deposited on the steps of a street-car by incoming passengers and so remained in considerable mass when plaintiff placed his foot upon it in alighting. He testified that before stepping down he saw the snow and ice but used due care in descending. The court directed a verdict for defendant, which was sustained on appeal. See, also, *Proud* v. *Philadelphia & R. Co.,* 64 N. J. L. 702, 50 L. R. A. 468, 46 Atl. 710, where a woman slipped on some vomit on the car-step and fell, the court held the evidence insufficient to support a verdict for the plaintiff. Also, *Lyons* v. *Boston Elevated Ry. Co.,* 204 Mass. 227, 90 N. E. 419, where plaintiff fell over parcels negligently left in the doorway of the car by another passenger and judgment for defendant ordered. The court said: "There is nothing in the present case to show that the obstruction had been in the doorway more than an instant or that the defendant's employees had any knowledge of its presence there."

Under the authorities cited above we insist that the plaintiff failed to make a case for the jury, and that our motion for a nonsuit upon each of the several grounds stated therein was properly sustained.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Upon the trial of this cause, the court sustained a motion for a nonsuit and directed a judgment dismissing the complaint. From that judgment and from an order denying a new trial these appeals are prosecuted.

The plaintiff was a passenger for reward upon defendant's train from Belgrade to Bozeman. When the train had stopped

at the station platform in Bozeman, the brakeman placed a step-box in proper position on the platform to enable passengers to embark and alight conveniently. When plaintiff stepped upon the step-box in leaving the train, her foot slipped and she fell, sustaining the injuries of which she complains. The charge of negligence is that at the time the step-box was placed in position on the platform and at the time plaintiff stepped upon it, it was "in a slippery, icy, unsafe and dangerous condition," which fact was known to the carrier or in the exercise of due care should have been known to it; that such condition was unknown to plaintiff and was the cause of her fall and injury. All the allegations of negligence were put in issue by the answer.

Upon the trial the plaintiff testified: "The way the accident happened to me was that I was coming down the steps and I held to the rod with my left hand, and as I stepped with my right foot on the lower step, I reached my hand to the brakeman, and when I put my foot down on to the foot-box, I noticed a piece of ice and before I could stop myself I stepped and my foot slid and turned; it slid off the box and I crushed up to the ground. It was my left foot that I stepped on to the box with. I tried to avoid the piece of ice on the box and I couldn't do it because I had started to make my step. The piece of ice was about the size of a silver dollar; it might have been larger or it might have been smaller. The piece of ice on the box was either loose or else my shoe loosened it as my foot slid. The brakeman had hold of my hand as I stepped. I fell full length on the platform." The brakeman, called as a witness for the plaintiff, testified: "I don't know whether I would have seen any ice on the step-box at the time when she stepped upon it or not. It could have possibly been there and I not see it. If it had been there and I had seen it, it would have been my duty to have removed it. * * * There was no ice on the step-box when I put it down. I never saw any on it at any time after that." He testified further that it was his duty to assist passengers in getting on

and off the car by extending his hand to each one, and that it was not possible to discharge his duty and keep his eyes on the step-box constantly; that passengers in alighting follow each other as closely as possible and that at the time of the accident quite a few persons got off ahead of the plaintiff. The conductor of the train, also a witness for plaintiff, testified generally as to the duty of the brakeman in assisting passengers; that he has charge of the step-box; that it is his duty to see that it is in proper condition for use and properly placed. He testified further: "Q. That step-box is right under his eye all the time? A. Yes, just in front of him. It is just in front of him all the time. Just in that condition [indicating]. He is not looking at the step-box all the time because his attention has to be directed to the passengers coming down the steps." This is a fair summary of all the evidence which reflects upon the question of negligence.

Counsel for plaintiff, in concluding his brief, insists that, having shown the injury and the cause of it, a *prima facie* case of negligence was made out; and a few decided cases from other jurisdictions are cited which, in principle, lend support to the contention, but the subject has been covered thoroughly by our own decisions and, since they are in harmony with the overwhelming weight of authority and are grounded in sound reasoning, we are not disposed to depart from them.

The doctrine of the maxim *res ipsa loquitur* is applied to [1] passenger cases to this extent: Whenever the injury results from some vice or defect in the appliances or operative mechanism of the means of transportation or from the movement of trains, proof of the injury and the cause of it raises a presumption of the carrier's negligence, as where the injury results from the overturning or derailment of a coach or the collision of trains. The reason for the application of the rule in such cases has its foundation in the fact that the instrumentalities of carriage are within the exclusive control and management of the carrier whose duty it is to know that they are in proper condition to render the service required by law,

whereas the passenger is without the means of ascertaining the presence or defects which cause the injury, or, if he should know of them, he is ordinarily in no position to avoid the consequences. The following cases illustrate the rule: *Pierce* v. *Great Falls & C. Ry. Co.*, 22 Mont. 445, 56 Pac. 867; *Dempster* v. *Oregon Short Line R. Co.*, 37 Mont. 335, 96 Pac. 717; *Hoskins* v. *Northern Pac. Ry. Co.*, 39 Mont. 394, 102 Pac. 988; *Emerson* v. *Butte Electric Ry. Co.*, 46 Mont. 454, 129 Pac. 319.

[2]  Though our statute (sec. 5300, Rev. Codes) imposes upon the carrier the duty to exercise toward the passenger for hire, the highest degree of care, it is but declaratory of the common law and does not constitute the carrier an insurer of the passenger's safety. (*Taillon* v. *Mears*, 29 Mont. 161, 1 Ann. Cas. 613, 74 Pac. 421.)

The right to recover for personal injury is grounded in negligence and the burden of pleading and proving negligence is upon the injured party. Whenever, therefore, the injury [3] results from something over which the carrier has not the exclusive control, the rule of ordinary negligence obtains, and the burden is upon the passenger to show that the presence of the cause of the injury is attributable to the carrier's negligence. Speaking generally, the doctrine of the maxim *res ipsa loquitur* cannot, from the very nature of the case, have any application to injuries received by a passenger while alighting from a standing train. (*Knuckey* v. *Butte Electric Ry. Co.*, 41 Mont. 314, 109 Pac. 979.)

In the present controversy no contention is made that [4] the step-box, of itself, was the cause of the accident; that it was in a defective condition; that it was improperly constructed or that it was not adapted to the use for which it was designed and employed. Plaintiff was the only witness who testified to the presence of ice on the box and, according to her testimony, it was the piece of ice about the size of a silver dollar that caused her fall. The testimony of her own witness is that the ice was not on the box when the box was placed on the platform and the only fair inference from the evidence in

its entirety is, that but a few moments at most elapsed from the time the box was placed in position until plaintiff fell. It would serve no useful purpose to speculate as to whether the ice became detached from the shoe of some passenger who alighted just before plaintiff, or fell from the eaves of the car, or was deposited by some other means or from some other source, the fact remains that it was not present a few seconds before the accident occurred and was not discovered by the brakeman.

Counsel for appellant insists that this case is to be determined by the decision in *Garvin* v. *Butte Electric Ry. Co.*, 54 Mont. 196, 169 Pac. 40; but the facts of the two cases are so dissimilar that it is impossible to deduce a rule based upon analogy. In the *Garvin Case* the carrier not only knew of the presence of snow and ice upon its car-steps, but much of the snow had been deposited there by the conductor of the car who had shoveled it out of the car vestibule a considerable period of time before the plaintiff, Garvin, undertook to alight from the car. Under these circumstances we held that it was a proper case for the jury to determine "whether the defendant company, through its agents, knew, or in the exercise of reasonable diligence should have known, of the danger, and had a reasonable opportunity to remove the snow and ice from the step of its car." In the opinion in the *Garvin Case,* repeated reference is made to the rule of our statute (sec. 5300, above) which imposes upon the carrier the burden of exercising, toward the passenger for hire, the utmost care. Counsel for defendants urge that the rule is not applicable to the case of a passenger alighting from a standing train, but that the carrier's duty is measured by the rule of ordinary care. It is beside the mark to discuss the subject, for, in our view of the case made, the ruling of the trial court was correct upon either theory.

Actionable negligence arises only from a breach of legal duty (*Jonosky* v. *Northern Pac. Ry. Co.*, 57 Mont. 63, 187 Pac. 1014), and it follows that, to make out a *prima facie* case, plaintiff must have introduced evidence tending to show that

the brakeman was negligent in failing to discover the presence of the piece of ice on the step-box in time to avoid the accident. Unless he had the opportunity to make discovery, it is altogether immaterial that the condition of the weather was such that he should have anticipated the presence of snow or ice generally.

If the trial court had denied the motion for nonsuit and the case had been submitted upon the evidence now before us with a favorable result to plaintiff, upon what evidence could the verdict be said to rest? Could the jury say that the brakeman should have kept his eyes upon the step-box constantly? The evidence establishes the fact that he could not do so and discharge his duties to the passengers generally and to this plaintiff in particular. Could the jury say that the ice was upon the step-box for a sufficient length of time that the brakeman, in the discharge of his duties, should have discovered and removed it? An affirmative answer could only rest in bare speculation, for, so far as the evidence discloses, it may not have been there for more than a second or a few seconds at most.

This is not a case where the obstruction itself bore evidence of its continued presence for any appreciable length of time, and there is no room for mental process to define an interval during which reasonable prudence or the highest degree of skill and care on the part of the brakeman should or could have been at work to protect the plaintiff against the hazard created by the momentary presence of the ice upon the box.

These observations illustrate our view of the evidence and indicate our conclusion that there is not anything in the record which tends to prove that the brakeman failed in any respect to discharge the duties which his position imposed; and since there is no evidence which establishes negligence or from which it might be inferred, the trial court properly sustained the motion for nonsuit. Upon similar fact statements the same conclusion has been reached by other courts. (*Serviss* v. *Ann Arbor R. Co.,* 169 Mich. 564, 135 N. W. 343; *Bernhardt* v. *Western Pennsylvania R. Co.,* 159 Pa. St. 360, 28 Atl. 140;

*Louisville & N. R. Co.* v. *O'Brien*, 163 Ky. 538, Ann. Cas. 1916E, 1084, 174 S. W. 31; *Pittsburgh, C. C. & St. L. R. Co.* v. *Rose*, 40 Ind. App. 240, 79 N. E. 1094; *Lyons* v. *Boston El. Ry. Co.*, 204 Mass. 227, 90 N. E. 419; *Proud* v. *Philadelphia & R. R. Co.*, 64 N. J. L. 702, 50 L. R. A. 468, 46 Atl 710.)

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.

Rehearing denied March 21, 1921.