THE CHICAGO CITY RAILWAY COMPANY

*v.*

WILLIAM H. ROOD.

*Filed at Ottawa November 9, 1896.*

1. CARRIERS—*negligence of, not presumed—burden of proof.* Proof that a passenger was injured while exercising ordinary care is not sufficient to raise a presumption of negligence against the carrier, unless it is shown that the cause of the injury was in some manner within its control. (*North Chicago Street Railway Co.* v. *Cotton*, 140 Ill. 486, distinguished.)

2. SAME—*facts insufficient to raise presumption of carrier's negligence.* The fact that a passenger on a street car, while exercising ordinary care, was struck by a passing wagon and injured, does not, of itself, raise a presumption of negligence against the street car company.

3. INSTRUCTIONS—*presumption of carrier's negligence on injury to passenger.* An instruction is erroneous which in effect charges the jury that if a passenger exercising ordinary care has been injured, to exonerate itself the carrier has the burden of explaining the accident and rebutting the presumption of negligence, where the cause of such injury was not under the carrier's control.

*Chicago City Railway Co.* v. *Rood*, 62 Ill. App. 550, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

This was an action by appellee, Rood, against the appellant company, to recover damages for a personal injury. The declaration contains four special counts, the first three of which charge negligence on the part of appellant's servants in the operation of the car of appellant upon which appellee was riding at the time he was injured. The fourth count charges negligence in the construction and equipment of the car. The trial resulted in a verdict for $4500.00 in favor of appellee. Appellee remitted $2000.00, and motion for a new trial was overruled, and judgment rendered for the balance, $2500.00.

This judgment has been affirmed by the Appellate Court, and the present appeal is prosecuted from such judgment of affirmance.

The material facts are substantially as follows: About nine o'clock on the morning of August 26, 1892, appellee boarded the grip-car of a train of cars of appellant, operated by the cable system upon Cottage Grove avenue, Twenty-second street and Wabash avenue in Chicago. Appellee boarded the car at the corner of Twenty-fifth street and Cottage Grove avenue. The train was going north on Wabash avenue upon the east track, the cars going south being upon the west track of the road. Appellee sat on the second seat from the front at the outer end of the seat facing the front of the car. After taking his seat, he took out his newspaper and commenced reading. He placed his arm around the upright, or post, supporting the roof of the car, holding his newspaper before his eyes. He was on the west side of the car, which was an open one; the lower part of his right leg was laid across the left foot below the knee; his right foot extended beyond his left, and beyond the edge of the floor, about six inches, and his left foot rested on the edge of the floor. While in this position, with his arm around the post and his legs crossed and foot extended in the manner stated, some object, which the testimony tends to show to have been a large wagon carrying coal, brushed past his arm, and, as the team passed going southward, part of the harness struck his foot and pulled it back drawing him partly out of the seat; his left leg was bruised by coming in contact with the iron side or arm of the seat; his body was pulled out of the seat, and by catching hold of the back of the seat in front of him and holding on to the upright or post with his hand, he was partially turned around sideways. The accident occurred near the corner of Twelfth street and Wabash avenue, where the thoroughfare was quite crowded. Appellee did not see the team or wagon before it struck

him, but saw, as he turned around, a coal wagon or a heavy wagon of that nature, about the length of a car or two cars, going south.   Appellee states, that the wagon was drawn by two horses to the best of his recollection.   The car was not stopped, nor was its motion slackened at the time of the accident; but it was going at the regular gait at which the cars travel on Wabash avenue.   Plaintiff had been in the habit of riding on appellant's cars frequently, and was aware that Wabash avenue was a crowded thoroughfare.

On behalf of the plaintiff, the trial judge gave, among others, the following instructions to the jury:

"The court instructs the jury, that, if they believe from the evidence in this case, that the plaintiff, Rood, on August 26, 1892, boarded the cable car of the defendant at or about Twenty-fifth street in this city on his way down town, and paid the price of transportation, to-wit, five cents; and that, while riding as a passenger and observing ordinary care for his personal safety, plaintiff's foot was brought in contact with a horse, harness or wagon passing or standing at or near the tracks of defendant, along which said cable car was being operated by defendant's servants; then to avoid liability for such injuries, the defendant must prove by a preponderance of the evidence, that its servants exercised the highest degree of care for the personal safety of the plaintiff in the operation of said cable car at the time said injuries were inflicted."

"The court instructs the jury, that, if they believe from the evidence that on August 26, 1892, the plaintiff in this case became a passenger and paid his fare for transportation upon one of defendant's Wabash avenue cable cars, and that, while so riding as such passenger and observing ordinary care for his personal safety, his foot and leg were injured by being brought in contact with something standing or passing near the tracks of defendant, upon which said car was being operated by

defendant's servants; then it is for the defendant to explain how said injury occurred, and to show by a preponderance of the evidence, that the alleged injuries of plaintiff were not the result of any lack or failure to exercise the highest degree of care and diligence on the part of its servants in the operation of said cable car."

WILLIAM J. HYNES, and H. H. MARTIN, for appellant:

The presumption of the carrier's negligence exists, and only exists, where the injury is inflicted on the passenger by the carrier's means of transportation or by some instrumentality over which the carrier has control. Wharton on Negligence, (2d ed.) sec. 661; Bradner on Evidence, 424, 425; *Madden* v. *Railway Co.* 50 Mo. App. 676; *Smith* v. *Railway Co.* 16 Am. & Eng. R. R. Cas. 310; *Potts* v. *Railway Co.* 33 Fed. Rep. 610; *LeBarron* v. *E. B. F. Co.* 11 Allen, 312; *Breen* v. *Railroad Co.* 109 N. Y. 297; *Holbrook* v. *Railroad Co.* 12 id. 296; *Railway Co.* v. *Gibson*, 96 Pa. St. 83.

MANN, HAYES & MILLER, for appellee:

Whatever the law elsewhere may be, the rule announced in the instructions prevails in Illinois courts. *Railway Co.* v. *Cotton*, 140 Ill. 486; *Packet Co.* v. *Defrees*, 94 id. 598; 47 N. Y. 282; *Railroad Co.* v. *Fay*, 16 Ill. 558; *Railroad Co.* v. *Yarwood*, 15 id. 469; *Packet Co.* v. *True*, 88 id. 608; 114 N. Y. 380; *Railroad Co.* v. *George*, 19 Ill. 510; *Railway Co.* v. *Thompson*, 56 id. 138; *Fink* v. *Potter*, 17 id. 410.

Where a passenger is shown to have sustained an injury, in order to exonerate itself the burden of proof is on the carrier to explain the accident and rebut the *prima facie* case of negligence. *Railway Co.* v. *Engle*, 35 Ill. App. 491; *Railway Co.* v. *Cotton*, 140 Ill. 486; Ray on Carriers, 45; Booth on Street Railways, 490.

If in running too close to objects on or near the tracks passengers observing ordinary care are injured, the carrier can be held liable for negligence. *Railway Co.* v. *Williams*, 40 Ill. App. 590; 140 Ill. 275; *Railroad Co.* v. *Pondrom*,

51 id. 333; *Railroad Co.* v. *Welsh*, 52 id. 183; *Railroad Co.* v. *Gregory*, 58 id. 272; *Railroad Co.* v. *Russell*, 91 id. 298; 17 Wis. 487; 73 N. Y. 468.

The fact that the injury inflicted resulted from the co-operating negligence of appellant and some other person or thing over which it had no control, does not release appellant from its liability to appellee.

A person contributing to a tort, whether his fellow-contributors are men or natural or other forces or things, is responsible for the whole, the same as though he had done all without help. *Bridge Co.* v. *Miller*, 138 Ill. 465; *Carterville* v. *Cook*, 129 id. 157, and cases cited.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

By the giving of the instructions set out in the statement preceding this opinion, the court submitted the case to the jury upon the theory, that, if the appellee proved that he was in the exercise of ordinary care at the time of the accident, there was a presumption that appellant was guilty of negligence, and accordingly that the appellant had the burden of proving by a preponderance of evidence, that it was not negligent. The question presented for our consideration is, whether, in case of the happening of an accident to a passenger upon a street car, the two concurrent facts of the accident and the exercise of ordinary care by the injured party raise a presumption of negligence against the carrier, so as to shift the burden of proof upon it to show that it was not guilty of negligence.

The weight of authority seems to be in favor of the position, that the mere happening of the accident, together with the exercise of ordinary care by the plaintiff, does not alone raise the presumption of negligence on the part of the defendant carrier. The rule is thus stated by Booth in his work on Street Railway Law, (sec. 361): "The mere fact, that a passenger has been injured *en route*

163—31

without any evidence whatever as to the manner in which the accident occurred, does not raise a presumption of negligence against either of the parties, but the burden of proof shifts where the accident proceeds from an act of such a character that, when due care is taken in its performance, no injury ordinarily ensues from it, or where it is caused by the mismanagement of a thing over which the defendant has immediate control, or for the management or construction of which it is responsible." Where the injury occurs by reason of any defect in the machinery, or cars, or apparatus, or track of the carrier, or where there is anything improper or unskillful or negligent in the conduct of its servants, or unsafe in the appliances of transportation, the presumption then arises in favor of the negligence of the carrier, and the burden of rebutting this presumption is thrown upon it. But if the plaintiff's own evidence shows, that the accident was due to a cause beyond the control of the carrier, as the presence of *vis major*, or the tortious act of a stranger, tending to produce the accident, no such *prima facie* case is made out as will throw the burden upon the carrier of showing that it was not guilty of negligence. The presumption in question comes from the nature of the accident, and the circumstances surrounding it, rather than from the mere fact of the accident itself. These circumstances must be such as tend to connect the carrier with the cause of the injury. If the circumstances, surrounding the accident, are such as to indicate, that it would not probably have occurred if the company had been in the use of suitable machinery, or safe apparatus, or if it had employed proper and competent servants to manage such machinery or apparatus, then the burden of proof will be shifted to the carrier. Such presumption of negligence has been held to exist against the carrier in cases of the overturning of a stage-coach, or of the derailment of a car, or of the sudden jerk of a train, or of a blow from part of a passing train, or of a collision between two

trains belonging to the same carrier, or of the breaking down of a bridge upon the line of a railway. (Bradner on Evidence, pp. 422, 424; Ray on Negligence of Imposed Duties of Passenger Carriers, pp. 690-697; Hutchinson on Carriers, secs. 799-801; Patterson on Railway Accident Law, p. 438; *Smith* v. *St. Paul City Railway Co.* 32 Minn. 1; *Holbrook* v. *Utica and Schenectady Railroad Co.* 12 N. Y. 236; *LeBarron* v. *East Boston Ferry Co.* 11 Allen, 312; *Transportation Co.* v. *Downer*, 11 Wall. 129; *Stokes* v. *Saltonstall*, 13 Pet. 181; *Sterne* v. *Railway Co.* 76 Mich. 591; Wharton on Law of Negligence, sec. 661). It is reasonable, that a presumption of negligence should arise against the carrier in cases where the cause of the accident is under its control, because it has in its possession the almost exclusive means of knowing what occasioned the injury, and of explaining how it occurred, while the injured party is generally ignorant of the facts. But where the cause of the accident is outside of and beyond any of the instrumentalities under the control of the carrier, its means of knowledge may not be and are not necessarily better than those of the passenger. In the present case, the car in which the appellee was riding was traveling along the public street of a city, which the owners of other vehicles had as much right to use as the owners of the cable cars. Plaintiff's own testimony showed, that he was injured by a wagon traveling along the public street, and passing the car in which he was riding. The accident may have been due, so far as plaintiff's evidence showed, to careless driving on the part of the driver of the wagon. Plaintiff's proof was equally consistent with the absence as with the existence of negligence on the part of appellant. (Hutchinson on Carriers, sec. 799). At any rate, such evidence left it doubtful whether appellant was guilty of negligence or not, and the presumption that the accident was unavoidable, was as reasonable as that it was due to appellant's negligence. (*Sterne* v. *Railway Co. supra*). Under such circumstances the nature of the

accident was not such as to throw the burden of proof upon the appellant.

In *Federal Street and Pleasant Valley Railway Co.* v. *Gibson*, 96 Pa. St. 83, a passenger on the car of a street railway company was struck and injured by a passing wagon loaded with hay, while sitting in the street car by an open window, with his left arm resting on the window ledge, it not being shown whether it projected beyond the ledge or not; and it was held by the court, that the approximate cause of the injury, at least in part, was the act of a third party, to-wit: the driver of the wagon, over whom the railroad company had no control; and that, under the circumstances, the presumption of negligence on the part of the company did not arise, but that the duty rested on the passenger to prove the negligence of the company. There was there no privity of contract between the company and the driver of the wagon, as there is none in the case at bar. (*Hawkins* v. *Front Street Cable Railway Co.* 3 Wash. 592; *Saunders* v. *Chicago and Northwestern Railway Co.* 60 N. W. Rep. 148; *Potts* v. *C. C. Ry. Co.* 33 Fed. Rep. 610).

The same doctrine announced in the authorities herein before referred to is the doctrine of this court, as will be seen by reference to the following cases: North Chicago Street Railway Co. v. *Cotton*, 140 Ill. 486; *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal*, 160 id. 40; *Hart* v. *Washington Park Club*, 157 id. 9. In *North Chicago Street Railway Co.* v. *Cotton*, *supra*, the facts showed that the plaintiff at the time he was injured, was a passenger on one of the defendant's street cars run by a cable, and was standing on the rear platform of the car; and while in that position, as he was passing through the LaSalle street tunnel, he was run into by another of the defendant's cars following on the same track, and thereby received the injuries complained of. In that case it will be noticed, that the collision was between two cars both of which belonged to the defendant company, and that

the collision was not between one of the defendant's cars and a vehicle which was not under the control of the defendant; in that case we said (p. 494): "There seems to be a very general concurrence of authority, that where there was an absence of *vis major*, and it is shown that the injury happened from the abuse of agencies within the defendant's power, it will be inferred from the mere fact of the injury that the defendant acted negligently." In *Railroad Co.* v. *Blumenthal, supra*, it was held, that a *prima facie* case of negligence on the part of the railroad company arises, when a passenger on a freight train, in charge of cattle, is injured by being caught between two cars while he is descending the ladder to look after his cattle during stoppage of the train for water. But, there, the cars and their couplings or bumpers, and the ladder upon which the passenger was descending, belonged to and were under the control of the defendant company; and we said, that a *prima facie* case of negligence was made out in view of the manner and circumstances of the accident, it appearing that the injury to the passenger was caused by apparatus wholly under the control of the carrier, and furnished and applied by it; it was there held that the nature and circumstances of the accident were such as to throw upon the railroad company the burden of proving that the injury was not its fault. In *Hart* v. *Washington Park Club, supra*, we also held, that "the presumption of negligence arises, not exclusively from the fact that the accident happened, but that it happened under given conditions and in connection with certain circumstances." Where the accident is one which would not in all probability happen if the person causing it was using due care, or the instrumentality causing the accident is solely under the management of the defendant, then the occurrence of the accident, together with proof of the exercise of due care on the part of the plaintiff, is sufficient *prima facie* proof of negligence to impose upon the defendant the *onus* of rebutting it.

For the reasons above stated, we think that the instructions given for the plaintiff, in stating the rule without the qualifications herein indicated, stated it too broadly. There was no instruction given for the appellant which cured the error involved in the instructions thus given for the appellee. The jury might well have believed, that the mere fact of the injury did not create a presumption of negligence against the defendant or its agents, and yet may have believed that the fact of the injury, coupled with the exercise of due care by appellee for his personal safety, did create such presumption.

In view of the error herein pointed out, the judgments of the Appellate and circuit courts are reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*