## Simon Wolf v. Chicago Union Traction Company.

### Gen. No. 11,352.

1. COLLISION—*when proof of, does not raise presumption of negligence.* Where the respective agencies which caused a collision were not both within the control of the defendant, a presumption of negligence does not arise.

Action on the case for personal injuries. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March, term, 1904. Affirmed. Opinion filed April 5, 1905.

**Statement by the Court.** Plaintiff prosecutes this writ of error seeking to reverse a judgment upon a verdict in favor

of the defendant in an action to recover for personal injuries. Plaintiff was a passenger on one of defendant's cable trains, which when crossing Noble street, Chicago, was struck by a chemical engine of the Chicago Fire Department and he received the injuries complained of in consequence of the collision. Complaint is made of the giving of two instructions which are as follows:

"The court instructs the jury that the mere happening of the accident together with proof of the exercise of ordinary care by the plaintiff does not raise a presumption of negligence on the part of the defendant. The court further instructs the jury that the burden of proof is not upon the defendant to show that it is not guilty of the specific negligence charged in the declaration or some count thereof, but the burden is upon the plaintiff to prove that the said defendant was guilty of such negligence, and this rule, as to the burden of proof, is binding in law and must govern the jury in deciding this case. The jury have no right to disregard said rule or to adopt any other in lieu thereof, but in weighing the evidence and coming to a verdict the jury should apply said rule and adhere strictly to it. No presumption that the defendant was negligent arises from the mere fact that the accident happened.

"The court instructs the jury that if they believe from the evidence that the grip car in question was suddenly and without negligence on the part of the defendant's servants, placed in a position of danger, then in order to charge the defendant with a duty to avoid injuring the persons on the said grip car the plaintiff must show by the greater weight of the evidence that the circumstances were such that the gripman had time and opportunity, by the exercise of the highest degree of practicable care on his part, to become conscious of the facts giving rise to such duty, and further that he had a reasonable opportunity to perform said duty. And if the jury further believe from the evidence that the circumstances as shown by the evidence did not charge the defendant with a duty as thus defined, or if the jury believe from the evidence that said gripman

Wolf v. Chicago Union Traction Co.

did not have a reasonable opportunity to perform, by the exercise of the highest degree of practicable care on his part, such duty as thus defined, then they should find the defendant not guilty."

RICHOLSON & LEVY, for plaintiff in error; C. STUART BEATTIE, of counsel.

JOHN A. ROSE and LOUIS BOISOT, for defendant in error; W. W. GURLEY, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is insisted by the attorneys for plaintiff in error that the mere fact of the collision causing an injury to plaintiff while he was riding as a passenger on defendant's car, and himself in the exercise of ordinary care, raises a presumption of negligence; and that hence the instructions above set forth were erroneous and should not have been given. Such presumption would no doubt arise where the injury to a passenger is caused by agencies wholly under the control of the carrier. Under such conditions a *prima facie* case of negligence may be made by showing the happening of the accident and a consequent injury to the passenger, himself in the exercise of ordinary care. The duty would then be imposed upon the carrier to explain or account for the accident and to show in defense that it resulted from a cause for which the carrier was not responsible. But where the plaintiff's own evidence shows the accident to have been due to a cause beyond the control of the carrier, as *vis major* or the tort of a stranger, the reason for presuming it to have been caused by negligence on the part of the carrier is entirely wanting. Where a collision occurs between cars of the same company, such presumption may be indulged. But where some vehicle unconnected with and beyond the control of a railroad company has collided with one of the latter's cars on its own track, no such *prima facie* case is ordinarily made out as suffices to throw the burden upon the carrier to prove itself not guilty of neg-

ligence. In Chicago City Ry. Co. vs. Rood, 163 Ill., 477-483, it is said: "It is reasonable that a presumption of negligence should arise against the carrier in cases where the cause of the accident is under its control, because it has in its possession the almost exclusive means of knowing what occasioned the injury, and of explaining how it occurred, while the injured party is generally ignorant of the facts. But where the cause of the accident is outside of and beyond any of the instrumentalities under the control of the carrier, its means of knowledge may not be and are not necessarily better than those of the passenger." To the same effect are Federal St. & P. V. Ry. Co. v. Gibson, 96 Pa. St., 83; Potts v. Chicago City Ry. Co., 33 Fed. Rep., 610-611; C. City Ry. Co. v. Catlin, 70 Ill. App., 98-99; Elwood v. C. C. Ry. Co., 90 Ill. App., 398-399; N. C. Street R. R. Co. v. O'Donnell, 115, Ill. App., 110.

The question as to when the presumption against the defendant carrier arises and when the burden is upon the plaintiff to prove the defendant guilty of the negligence charged, seems to have depended in some cases on the facts of the particular case. Thus in L. & N. R. R. Co. v. Kuhn, 86 Ky., 578, cited in W. C. St. R. R. Co. v. Martin, 154 Ill., 523-529, the plaintiff was a passenger on a street car which was run into by a train while passing a railroad crossing at night. It was held the burden of proof was on the street car company to show, if such was the case, that the injury did not result from its own want of diligence, but from the negligence of the railroad company. See also Osgood v. Los Angeles Traction Co., 137 Cal., 280-283-4.

In the case at bar the cause of the accident was that a fire engine outside of and beyond the control of the defendant collided with the car in which the plaintiff was riding. Finding no material error in the instructions complained of, the judgment of the Circuit Court will be affirmed.

*Affirmed.*