## Sarah Lazer, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 14,658.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. NEGLIGENCE—*when presumption does not arise against carrier in the event of collision.* No presumption arises against the carrier and the burden is on the plaintiff to show negligence, when it is proven that the accident resulted from a collision with a car beyond the control of the defendant carrier.

3. PASSENGER AND CARRIER—*care required of motormen at street crossings.* Drivers, gripmen and motormen of street cars are obliged to exercise a more exacting attention when they approach street crossings in a crowded city where vehicles and pedestrians may always be expected in front of them.

CHYTRAUS, P. J., dissenting.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed January 18, 1910. Rehearing denied February 14, 1910.

MARK E. GUERIN and FERDINAND GOSS, for plaintiff in error; JOHN R. HARRINGTON, of counsel.

JOSEPH KOHN, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

A verdict of not guilty against the Union Traction Co. and guilty against the Chicago City Railway Company, with an award of $700 damages, was rendered in favor of plaintiff for injuries sustained by her as the result of a collision between a southbound Halsted street car belonging to the City Railway Company in which she was a passenger and a westbound Van Buren street car belonging to the Union Traction Company.

The only questions that arise on this record are, (1) whether the verdict is against the preponderance of the evidence, and (2) whether the damages are excessive.

The undisputed facts in relation to the accident are that the fender of the westbound car struck the rear wheel of the southbound car as they were crossing Halsted and Van Buren streets, respectively. The damage to the car was slight.

If plaintiff's evidence was true, the injuries included a three months' miscarriage and, under the circumstances, the verdict cannot be deemed by us to be excessive. The answers elicited on the cross-examination of the plaintiff's witnesses and the expert medical testimony offered by defendant would clearly have justified a finding against the miscarriage, but we cannot say that the clear preponderance of the evidence compelled such a finding.

If the duty of both defendants toward the plaintiff had been the same it would have been difficult to justify a verdict against the City Railway Company if the Traction Company were found not guilty, inasmuch as the latter ran into the former at a place where they had equal rights of way; but the City Railway Company owed plaintiff the duty to exercise the highest care consistent with the practical operation of its business, whilst the Traction Company owed only the exercise of ordinary care.

It is true that no presumption of negligence arises against the carrier and that the burden is on plaintiff to show negligence, when it is proven, as in this case, that the accident resulted from a collision with a car beyond the control of the defendant. Wolf v. Traction Co:, 119 Ill. App. 481.

While the testimony alone of plaintiff's witnesses would have justified a directed verdict for this defendant, the error in overruling the motion therefor was waived by defendant introducing testimony. On a similar motion made at the conclusion of all the testimony, the entire evidence in the case whether introduced by plaintiff, this plaintiff in error or its co-defendant, is to be considered.

The evidence of witnesses for the Traction Company, while presented for its exoneration, tended to

support the charge of negligence of the plaintiff against the City Railway Company in this that the City Railway Company's car having stopped on the north side of Van Buren street, was started south *after* the Traction Company's car was started west across Halsted street, and that the view of the crossing was clear. The jury was justified if it believed this version of the facts in finding that the motorman took his chances of clearing the street before the Van Buren street car could reach his track, and that as against a passenger, the attempt so to clear the crossing was not the exercise of that highest degree of care owing to her.

As the court said in Chicago City Ry. Co. v. Fennimore, 199 Ill. 9, 14: "It is the doctrine of this court, that drivers, gripmen and motormen of street cars are obliged to exercise a more exacting attention when they approach street crossings in a crowded city where vehicles and pedestrians may always be expected in front of them."

As we are unable to say that the preponderance of the evidence is clearly against this view of the facts, the judgment must be affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE CHYTRAUS dissenting.