# Blew, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—passenger—Presumption—Evidence.*

Where an injury to a passenger on a street railway car does not result from a defect in the means or appliances of transportation, but from a collision between the side of the car while it is on its own track, and a cart or wagon not under the control or management of the street railway company, no presumption of negligence arises in favor of the passenger as against the street railway company.

Argued Jan. 21, 1910. Appeal, No. 259, Jan. T., 1909, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1904, No. 3,696, on verdict for defendant in case of Robert M. Blew and Christiana K. Blew, his wife, v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERGUSON, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant; plaintiffs appealed.

*Errors assigned* were various instructions.

*Joseph Hill Brinton* and *John McClintock, Jr.*, with them *A. Florence Yerger*, for appellant.

*Thomas Leaming*, with him *Owen J. Roberts*, for appellee.

PER CURIAM, February 21, 1910:

The plaintiff was a passenger on the defendant's cars running north on Eighth street. She was seated on the east side near the middle of the car on a longitudinal seat with her back to a window. A large ash cart was east of the track and near it. She testified that the car in passing the cart scraped against it, and the wheel of the cart broke through the window and struck her back and she was thrown to the floor. Her testimony was uncorroborated and was in direct conflict with her written statement made two days after the accident, except as to the breaking of the window. Six witnesses for the defendant, four of whom were passengers, testified that the car was standing still when the driver of the cart turned his horses to the east on a cross street and, as his wagon swung around, the projecting end of the tailboard broke the glass; that no other part of the car was touched by the cart; that no passenger was thrown to the floor or injured in any way. The issue of fact raised was submitted to the jury by a charge that was accurate, full and entirely just to both parties.

No useful purpose would be served by reviewing in detail the numerous assignments of error. The learned trial judge was clearly right in charging that no presumption of negligence arose from the fact that the plaintiff was injured while a passenger. The accident did not result from a defect in the means or appliances of transportation, but from a collision between the side of the car while it was on its track and an object not under the control or management of the defendant, as in Railway Co. v. Gibson, 96 Pa. 83. The request for charge was properly refused because of fatal defects in asking for peremptory instructions in favor of the plaintiff.

The judgment is affirmed.