## No. 12,677.

### Yellow Cab Company *v.* Hodgson et al.
(14 P. [2d] 1081)

Decided October 3, 1932.

Mr. WILLIAM E. HUTTON, Mr. BRUCE B. McCAY, Messrs. HODGES, WILSON & ROGERS, for plaintiff in error.

Mr. JAMES E. GARRIGUES, Mr. FANCHER SARCHET, Messrs. SARCHET & McCLAIN, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

MARIE Hodgson, defendant in error, will hereinafter be referred to as plaintiff, and the Yellow Cab Company, a corporation, plaintiff in error, as defendant. F. D. Allen, who was a party defendant in the trial court, is not a party to this writ, and as to J. F. Kinsella and J. J. Kinsella, as copartners, who were originally made parties defendant, the complaint was dismissed and no cross-error is assigned. Upon trial, judgment was rendered on the jury's verdict in favor of plaintiff and against defendant and Allen. Defendant prosecutes this writ, assigning numerous errors, but since one of them requires a reversal, our opinion will be limited to this one assignment.

Plaintiff was seriously injured in an automobile collision which, according to her complaint, occurred as follows:

"3. That on said date, July 27, 1929, while defendant, said The Yellow Cab Company, was so engaged in said business of common carrier of passengers for hire, it undertook in said capacity to safely carry plaintiff as a passenger from the Loop Market to her home at No. 2315 West 46th Avenue in North Denver, Colorado, and about 10:00 p. m. on said day, at or near said Loop Market, she took a yellow cab car so owned and operated as aforesaid by said defendant, and driven by its chauffeur,

employee or servant, to be safely transported from thence to her said intended destination.

"4. That 20th Street Viaduct is a public street and thorofare in the City of Denver. That on said July 27, while plaintiff was then and there so riding in said yellow cab and was being carried by said Company as a passenger aforesaid, toward her intended destination and home in North Denver, the said driver of said cab attempted on said trip to drive across said 20th Street Viaduct while plaintiff was in said car. That in so attempting to drive and driving over said Viaduct, said driver drove said cab, in which plaintiff was then and there riding, in such a negligent, careless and unskilful manner, and so negligently ran, drove, handled and operated said cab, that at a point on said Viaduct, at, near or about its north end, said cab, while and in which plaintiff was being so carried, without fault or negligence on her part, violently, by reason of said negligent driving, running, handling and operation by said driver, collided with said Chrysler car, rented as aforesaid to, and which was then and there in the charge and possession of and being driven by said F. D. Allen. That plaintiff is unable to more fully state the specific act or acts of negligence of the driver of said cab, causing or contributing to said collision, and that the specific act of negligence of the driver of said cab which caused or contributed to said collision is not within her knowledge.

"5. That on said July 27, ordinary care and diligence required that the said F. D. Allen in running, driving and handling said driverless car, driven and so rented and run by him, should run and drive the same with due care and diligence, and not in a careless and negligent manner while driving it on said Viaduct so as to avoid accidents and collisions with other cars driving thereon. That said Allen owed this duty then and there to plaintiff while driving said car on said Viaduct. That disregarding said duty he, said Allen, then and there, while plaintiff was so riding in said cab as a passenger on said

Viaduct, ran, drove, handled and managed said Chrysler car in such a negligent and careless manner and way that it then and there collided as aforesaid at or near the north end of said 20th Street Viaduct with said yellow cab car in which plaintiff was then and there riding, without plaintiff's fault and while she was in the exercise of due care and caution. That this is the same identical collision between said cars mentioned in paragraph 4 of this complaint. That plaintiff is unable to state more fully the specific act or acts of negligence of said Allen which caused or contributed to said collision between said cars because the same is not within her knowledge.

"6. That, as plaintiff is informed and believes, said collision was then and there caused by the *concurrent* act or acts of negligence of each respective driver of his said automobile by each running, driving, operating, handling and *managing the car so driven by him* at said time and place of said collision *in a negligent manner,* but that plaintiff is unable to state *in what proportion each one is to blame* or which is most to blame for said negligence, or contributed most to said collision by his negligence, and alleges *that the same was caused or contributed to by each in his separate and ununited* but *concurrent* acts of negligence, but that she is unable to more fully state the specific acts of negligence of each, *or the proportion which each separately contributed to said collision or which is most to blame* because the same is not more fully within her knowledge, and alleges that the *negligence of each was to blame in some degree* for said collision." (Italics ours.)

Over the objection of defendant, the following instruction was given the jury: "13. You are instructed that the defendant, The Yellow Cab Company, is not liable in this action unless the jury find that the injury of which the plaintiff complains was occasioned by the negligence or want of proper skill or care in some degree of the driver of the automobile in which the plaintiff and her husband were passengers, and the fact that the automo-

bile was involved in the collision and the plaintiff injured is prima facie evidence that there was carelessness or negligence or want of skill on the part of the driver, and throws upon the said defendant the burden of proving that the accident was not occasioned by the driver's fault. It being shown that the automobile of the defendant company was in a collision and the plaintiff injured, it is incumbent upon said defendant to prove that the driver was a person of competent skill, of good habits and in every respect qualified and suitably prepared for the business in which he was engaged, and that he acted on this occasion with reasonable skill and with the utmost prudence and caution, and if the disaster in question was occasioned by the negligence or want of skill or prudence on his part then said defendant is liable in this action. Otherwise, the defendant company would not be liable.''

The evidence respecting the collision, as disclosed by the testimony of plaintiff's witnesses, may be thus summarized: That defendant's cab was being driven northerly across the 20th Street viaduct, and near the easterly curb thereof, at the rate of approximately thirty or thirty-five miles per hour; that Allen was driving southerly on said viaduct, and on the easterly side of the center of said viaduct, and about eight feet from the easterly curb thereof; that the driver of defendant's cab saw Allen approaching and remarked thereon when about one hundred feet away; and when the defendant's cab and Allen's car were close together, defendant's driver made a sharp left turn toward the center of the viaduct and a collision occurred between these two cars. In the opinion of plaintiff's witnesses, there was sufficient room between the curb and Allen's car so that the cab in which plaintiff was a passenger could have been passed without being wrecked on the curbing. Plaintiff's husband, in testifying as to the position of the cars, immediately previous to the collision, said:

''Q. How do you fix this distance of eight feet which

you say the Chrysler [Allen] was running from the curb? A. Do you mean just previous to the accident?

"Q. Yes. A. Well just approximately ten or fifteen feet from the cab. It looked to be eight feet of space when the cab turned to the left toward the center.

"Q. Do you mean that there was just eight feet right at that time, or was the Chrysler [Allen] coming in a straight line eight feet from the east curb? A. It looked to me like that, yes.

\* \* \*

"Q. As soon as you saw the Chrysler [Allen] coming was there or was there not room enough at that time for you car [Yellow Cab] to have gone on in the same way it was and have gotten by without any trouble? A. Yes, there was room, I think."

The undisputed evidence is that the width of that portion of the viaduct, designed and intended for automobile and other vehicular use, at the point where the collision occurred and for some distance on each side thereof, is 34.2 feet.

▮ Proper objections were interposed to the giving of instruction No. 13, hereinbefore set forth, it being contended, among other objections thereto, that the evidence presented did not justify or warrant the giving of an instruction on the maxim, rule, doctrine or presumption of res ipsa loquitur. From the complaint and the evidence offered in support of its allegations, and all other evidence in the case, we are called upon to determine whether or not res ipsa loquitur is applicable respecting a common carrier when injuries are sustained by reason of a collision resulting from the "separate and ununited, but concurrent acts of negligence" of the drivers of two automobiles, and the owners or drivers are made joint defendants.

In 8 Encyclopaedia of Evidence, 872 et seq., it is said: "That a presumption of negligence may arise from the very nature of the efficient cause of the damage, certain conditions precedent must concur, as follows: \* \* \*

First, the immediate cause of the accident must clearly appear to be under the control of defendant or those for whom he is responsible. \* \* \* Second, there must be no other equally proximate, apparent cause of the accident besides that for which defendant is responsible. So where the acts or omissions of two or more independent persons are apparently equally immediate causes of an injury, the negligence of neither of such persons can be presumed. \* \* \* Third, the cause of the damage must be either an act of defendant's or of those for whom he is responsible that, if proper care is used, is ordinarily performed without damage to others, or the operation of a thing for which the defendant is responsible that is ordinarily, with proper care, operated without damage to others.''

In 1 Shearman & Redfield on the Law of Negligence (6th Ed.), 131, it is said, with reference to the doctrine of res ipsa loquitur: ''Certain conditions must concur. The causative force of the injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause. If from the nature of the event causing the injury an inquiry naturally arises which one of two or more persons, acting independently, is responsible; or, if it appear that the injury was proximately caused by the independent acts of two or more persons, the application of the maxim is excluded by its terms. Finally, it must appear that the cause of the injury was something out of the usual order.''

In 5 R. C. L. 79 it is said: ''While, as a general rule, the fact of a collision and injury to a passenger raises a presumption of negligence against the carrier, at least where the collision is with animals or other obstructions on the track or with other cars on the same track or at a crossing, yet in the case of collision between the car of a carrier and vehicles on the street not in any way under the control of the carrier, there is a conflict of opinion, some authorities holding that the usual presump-

tion against the carrier arises, while others take the view that in such cases the burden rests upon the plaintiff to prove negligence; and even the authorities which apply to this class of cases the doctrine of res ipsa loquitur, to make out a prima facie case, where a passenger is injured by collision with a vehicle of a third person, recognize that the circumstances of the accident, or the evidence given in the case, may be such as to rebut any presumption of the carrier's negligence.''

In 20 R. C. L. 187 it is said: ''More precisely the doctrine res ipsa loquitur asserts that whenever a thing which produced an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care.''

In 10 C. J. 1025 et seq. we find the following statement: ''The doctrine of res ipsa loquitur is applicable only where the thing shown speaks of the negligence of defendant; and, where it is further made to appear that the injury was caused by something which, at the time it occurred, was in the care, custody, or under the control of the carrier, or in some way connected with or related to its business in the transportation of passengers, and the circumstances attending the injury were so unusual and of such a nature that the accident could not well have happened without defendant being negligent, as where the happening of the accident appears to have been due to defective roadbed, track, machinery, or appliances, or fault in the operation of the conveyance, it makes out a prima facie case in favor of plaintiff and throws on the carrier the burden of adducing evidence to show its freedom from negligence.'' ''Or that the accident might have been the result of the wrongful acts or negligence of third persons.'' 10 C. J. 1028. ''Nor does this doc-

trine apply where a definite cause is clear on the evidence." 10 C. J. 1028. "But it has been held that, where the respective agencies which cause a collision are not both within the control of defendant carrier, a presumption of negligence does not arise." 10 C. J. 1033.

In 45 C. J. 1193 we find the general statement of the rule of res ipsa loquitur to be: "Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care." "There are several conditions, aside from those directly pertaining to the nature and happening of the accident or injury as such, which are generally recognized as essential to make the doctrine of res ipsa loquitur applicable in a given case and to lay the foundation for the presumption arising therefrom." 45 C. J. 1204. Among the essential conditions enumerated we find, in 45 C. J. 1205 et seq., the following: "Superior Knowlege of Defendant as to Cause of Accident. The reason or theory of the doctrine of res ipsa loquitur is based in part upon the consideration that, as the management and control of the agency which produced the injury is, under the circumstances to which the doctrine applies, exclusively vested in defendant, plaintiff is not in a position to show the particular circumstances which caused the offending instrumentality to operate to his injury, while defendant, being more favorably situated, possesses the superior knowledge or means of information as to the cause of the accident, and should, therefore, be required to produce the evidence in explanation. Accordingly if the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party charged or if plaintiff himself has equal or superior means of information, the doctrine cannot be invoked." 45 C. J. 1205. "The

374

doctrine of res ipsa loquitur, although it provides a substitute for direct proof of negligence where plaintiff is unable to point out the specific act of negligence which caused his injury, is a rule of necessity to be invoked only when, under the circumstances involved, direct evidence is absent and not readily available.'' 45 C. J. 1206. ''The doctrine of res ipsa loquitur does not dispense with the general rule requiring plaintiff to prove that defendant's negligence was the proximate cause of the injury complained of, but in order to render the doctrine applicable and a presumption of negligence to attach to defendant the nature and circumstances of the accident must be of such a character that there could be no reasonable inference but that the injury complained of was due to the negligence of defendant or of others for whose acts he is legally responsible.  Accordingly, where there are two or more persons or causes which might have produced the injury, some, but not all, of which were under the control of defendant or for which he was legally responsible, plaintiff, in order to invoke the doctrine, must exclude the operation of those causes for which defendant is under no legal obligation.  *  *  *  Accordingly, although the responsibility of defendant is ordinarily inferred, in conformity with the statements of the rule, from his management or control of the injuring agency, where all the facts connected with the occurrence fail to point to the negligence of defendant as the proximate cause of the injury, but show a state of affairs where it could with equal reasonableness and consistency be inferred that the accident was due to a cause or causes other than the negligent act of defendant, as where there are several persons or causes which might have produced the injury, some of which were under the control or management of defendant and others of which were under the control or management of the complaining party or of third persons, and the accident may have reasonably occurred by reason of acts for which defendant is not liable, the doctrine cannot be invoked.'' 45 C. J. 1212.

"It has been held that the doctrine is to be applied only when the nature of the accident itself not only supports the inference of defendant's negligence, but excludes the idea that the accident was due to a cause with which defendant was unconnected." 45 C. J. 1213. "Where either one of two defendants wholly independent of each other may be responsible for the injury complained of, the rule of res ipsa loquitur, in accordance with the preceding principles, cannot be applied." 45 C. J. 1214. See also 7 Thompson's Commentaries on the Law of Negligence (White Supplement), 1013; 3 Moore on Carriers (2d Ed.), 1497; 5 Wigmore on Evidence (2d Ed.), 498; 2 Jones' Commentaries on Evidence (2d Ed.), 919 et seq.; 2 Blashfield's Cyclopedia of Automobile Law, 1624; Booth on Street Railway Law, 488; Huddy's Cyclopedia of Automobile Law (9th Ed.), Vol. 15-16, p. 283 et seq.; 3 Hutchinson's Carriers (3d Ed.), 1697 et seq.

In *Velotta v. Yampa Valley Coal Co.*, 63 Colo. 489, 496 et seq., 167 Pac. 971, we had occasion to approve the rule laid down in 29 Cyc. 590, which we find elaborated upon in 45 C. J. 1193 et seq., and from which we have herein quoted. We held, inter alia, that res ipsa loquitur did not apply where the cause of the accident was known or where the injury was the result of two or more concurring causes. Further, in the Velotta case, supra, we said: "The record discloses in the case at bar, that the construction, *control* and operation of the machinery *which occasioned the injury,* were *exclusively* with the defendant, its agents and employees, and that the deceased has no connection therewith, and manifestly could have no knowledge thereof. The cause of the accident is unknown, * * *." (Italics ours.)

The exact question presented here for our consideration and determination is, as far as we are advised, one of first impression in this jurisdiction. Our investigation of the question in other jurisdictions, as well as our examination of numerous texts upon the subject, justifies the statement that there is a noticeable lack of una-

nimity on the subject. We are in a position, therefore, to adopt that view and announce that rule which, in our judgment, appeals to us as the better, the most reasonable, salutary and sound. In the following states, in well considered opinions, it is held that the doctrine of res ipsa loquitur does not apply where the injury resulted from the "separate and ununited, but concurrent acts of negligence" of two parties where one is under the management and control of defendant and for whose acts he is liable, and the other is not. In California: *Wright v. Southern Co.*, 102 Cal. App. 656, 283 Pac. 823; *Harrison v. Sutter Street Ry. Co.*, 134 Cal. 549, 66 Pac. 787. We are aware of the fact that the doctrine announced in the Harrison case, supra, has been the subject of much discussion in that jurisdiction, but it has recently been reaffirmed and extended in *Gerdes v. Pacific Gas Co.*, 13 P. (2d) 393. In Illinois: *Chicago City Ry. Co. v. Rood*, 163 Ill. 477, 45 N. E. 238; *Wolf v. Chicago Co.*, 119 Ill. App. 481; *Lazer v. Chicago etc. Co.*, 152 Ill. App. 319; *Barnes v. Danville Co.*, 235 Ill. 566, 573-74, 85 N. E. 921. In Pennsylvania: *Zolden v. Shenango Co.*, 94 Pa. Superior Ct. 191; *Blew v. Philadelphia Co.*, 227 Pa. 319, 76 Atl. 17. In Massachusetts: *Stangy v. Boston Co.*, 220 Mass. 414, 107 N. E. 933; *Reardon v. Boston Co.*, 247 Mass. 124, 141 N. E. 857. In Virginia: *Riggsby v. Tritton*, 143 Va. 903, 129 S. E. 943. In Rhode Island: *Fagan v. Rhode Island Co.*, 27 R. I. 51, 60 Atl. 672. In Indiana: *Union Traction Co. v. Alstadt*, 195 Ind. 389, 143 N. E. 879. In Montana: *Heck v. Northern Pacific Co.*, 59 Mont. 106, 196 Pac. 521. In South Carolina: *Weston v. Hillyer*, 159 S. E. 390. See also note in 25 A. L. R. 690 et seq., and 59 A. L. R. 468 et seq. In New York: There is a conflict of decisions on this question, but probably the later decisions are to the effect that in collision cases the carrier cannot complain of the application of the doctrine of res ipsa loquitur.

Our examination of the authorities and texts upon the questions convinces us that the rule which de-

termines that the doctrine of res ipsa loquitur is not applicable in the instant case is the more reasonable, just and salutary. The court, in submitting its instructions and verdicts to the jury, recognized that the defendant, under the evidence, might be properly exonerated from blame, and defendant Allen, alone, found guilty of fault, and also that defendant might be found at fault and Allen exonerated, and both might be found at fault. In fact, the jury's verdict found both defendant and Allen negligent; and since Allen was not under the management and control of defendant, under the authorities, supra, it was error to instruct on the doctrine of res ipsa loquitur. The evidence herein clearly established the cause of injury, and there is nothing to indicate that defendant had any superior knowledge on the subject; therefore, the doctrine of res ipsa loquitur was not applicable herein. The evidence clearly established that the injury may have resulted by reason of the concurrent negligence of two or more persons or causes, not both under the management and control of defendant, and therefore the doctrine of res ipsa loquitur was inapplicable. The evidence clearly established that, under the allegations of the complaint, defendant did not have exclusive control and management of the causative force producing the injury of which plaintiff complained, and therefore the doctrine of res ipsa loquitur was inapplicable.

Our disposition of this assignment of error makes the consideration of other assignments unnecessary.

The judgment is reversed, and the cause remanded for other proceedings in harmony herewith.